146 So. 6

**STATE v. KELLY et al.**

No. 32119.

Jan. 3, 1933.

Rehearing Denied Jan. 30, 1933.

M. R. Stewart, of Lake Charles, for appellant.

Gaston L. Porterie, Atty. Gen., James O'Connor, Asst. Atty. Gen., and John J. Robira, Dist. Atty., and Sam H. Jones, Asst. Dist. Atty., both of Lake Charles (James O'Niell, Asst. to Atty. Gen., of counsel), for the State.

ODOM, J.

The state has moved to dismiss the appeal in this case on the ground that this court is without jurisdiction.

■ The motion must prevail. Section 10, art. 7, of the Constitution of 1921, provides that:

"The appellate jurisdiction of the Supreme Court shall also extend to criminal cases on questions of law alone, whenever the penalty of death, or imprisonment at hard labor *may* be imposed; or where a fine exceeding three hundred dollars or imprisonment [at hard labor] exceeding six months has been *actually* imposed." (Italics ours.)

Defendant was prosecuted for larceny of property valued at $19. He was convicted and sentenced to serve four months in the parish jail. He was not fined and the sentence *actually imposed* was less than six months.

It will be noted that the above quoted portion of article 7 of the Constitution provides that this court has jurisdiction in criminal cases when "imprisonment at hard labor may be imposed." So that in all cases where an accused person is convicted of an offense for which he *may* be imprisoned at hard labor in the discretion of the court, this court has jurisdiction of the appeal even though a sentence of less than six months is actually imposed. But in the present case the charge on which defendant was prosecuted is necessarily a misdemeanor, the punishment for which cannot exceed six months' imprisonment.

Act No. 107 of 1902, which is an "act to grade misdemeanors and minor offenses," provides (section 5) that:

"Whoever shall be guilty of the larceny of property of a less value than five dollars shall be imprisoned not more than sixty days, nor less than ten days; if said property be of the value of five dollars, or more, but less than

twenty dollars, the punishment shall be imprisonment for *not more than six* months, nor less than one month; if the value of said property be twenty dollars or more, but less than one hundred dollars, the punishment shall be imprisonment, *with or without hard labor*, not exceeding two years, and not less than three months." (Italics ours.)

The bill of information against defendant charged him with the larceny of property valued at $32.41. The penalty for this charge under the above statute is imprisonment either with or without hard labor not exceeding two years. So that if defendant had been prosecuted on the charge as made in the bill, this court would have jurisdiction of the appeal even though the sentence imposed was only four months in prison. He was not, however, prosecuted on that charge. When the case was called for trial, the accused and his counsel being present, the district attorney by verbal motion in open court reduced the amount charged in the bill from $32.41 to $19. The minute entry is as follows:

"On motion of the District Attorney, the amount charged in the bill of information is reduced to the sum of $19.00."

The trial proceeded immediately before the judge without the intervention of a jury, no objection being made by the accused. He was convicted "as charged" and sentenced to imprisonment for four months.

While counsel for defendant has made no answer to the state's motion to dismiss the appeal, we assume that if he made answer he would urge the points made in his brief, which are, first, that the district attorney could not legally "amend" the indictment by verbal motion in open court; that in order to

amend an indictment, there must be a "manuel change" therein and since there was no "manuel change" in this indictment, the charge on which the accused was prosecuted and convicted was that set out in the bill, which was larceny of property valued at $32.-41, which was triable by a jury of five under section 41, art. 7, of the Constitution. Hence he complains that he was illegally deprived of the right of trial by a jury.

 The error into which counsel has fallen (or one of them) is his assumption that the district attorney sought or pretended to amend the bill of information, when as a matter of fact he merely abandoned the felony charge originally made and prosecuted defendant on a misdemeanor charge, which was included in the bill for the greater offense. In larceny cases where the value of the property is alleged to be more than $20, the offense is triable by a jury of five. But the district attorney may reduce the grade of the offense charged, provided he do so prior to the beginning of the trial. He may abandon the greater charge and proceed against the accused on a lesser one included in the indictment and to do this, no amendment of the indictment is necessary. A simple motion or announcement of such intention suffices. The effect of such motion is to qualify or modify the indictment to the extent of eliminating the greater offense and to reduce the charge to one of less magnitude. The grade of the offense being reduced, the trial proceeds under the indictment as returned, but on the lesser offense.

State v. Bourgeois, 158 La. 713, 727, 104 So. 627.

Secondly, counsel contends that as the accused was found guilty by the judge "as charged," he was convicted of larceny of property valued at $32.41, as charged in the bill, which is an offense not triable by a judge, but by a jury of five. Hence the argument that there was error patent on the face of the record.

 Here again counsel is in error. Accused was not prosecuted for larceny of property valued at $32.41. The state abandoned that charge and proceeded under the indictment as modified so as to make the charge one of larceny of property valued at $19, which was triable by the judge. The judge did not state the value of the property in his verdict, but merely found accused "guilty as charged," which meant that accused was guilty of larceny of property valued at $19.

We find no merit in the contention that the record discloses fatal defects in the proceedings.

We have no jurisdiction in a case like this and the appeal is, for that reason, dismissed.