236 So.2d 798

**STATE of Louisiana**

v.

**Mose STRONG.**

No. 50198.

June 8, 1970.

Rehearing Denied June 29, 1970.

E. Howard McCaleb, III, New Orleans, for defendant-appellant.

Jack P. F. Gremillion, Atty. Gen., William P. Schuler, Asst. Atty. Gen., Jim Garrison, Dist. Atty., Louise Korns, Asst. Dist. Atty., for plaintiff-appellee.

SANDERS, Justice.

This is a criminal prosecution for aggravated rape, a capital offense. During the early morning of August 10, 1968, a young woman was waiting at a bus stop to return home from her work at a restaurant. As she waited for the bus, a man stopped in a Hertz Rent-A-Truck. Armed with a knife, he forced a woman into the truck, drove to an isolated place on the outskirts of the city, and raped her. While resisting her abductor, she wrote the license number of the truck on a letter in her purse and dropped it out of the truck. During their investigation of the crime, the police found the letter bearing the license number and later arrested Mose Strong, the defendant.

After trial, the jury returned a verdict of guilty as charged. The trial judge imposed the death sentence.

The defendant appeals, relying upon nine Bills of Exceptions (Nos. 1 through 9).

These Bills raise the question as to whether the court properly excused nine

prospective jurors for cause based upon their responses to questions concerning capital punishment. Defendant specifically complains that the court failed to adequately explain to the jurors their option between life imprisonment and death. Hence, defendant contends, their answers failed to clearly indicate they would automatically vote against the death penalty without regard to the evidence. Defendant relies upon Witherspoon v. Illinois, 391 U. S. 510, 88 S.Ct. 1770, 20 L.Ed.2d 776 (1968) and In Re Hillery, 79 Cal.Rptr. 733, 457 P.2d 565 (1969).

In Witherspoon v. Illinois, supra, the United States Supreme Court held:

"A sentence of death cannot be carried out if the jury that imposed or recommended it was chosen by excluding veniremen for cause simply because they voiced general objections to the death penalty or expressed conscientious or religious scruples against its infliction."

■■ As defined in that case, the holding is a narrow one. It allows the State to challenge for cause jurors who state they would automatically vote against the imposition of capital punishment regardless of the evidence developed at the trial. To be immune from such challenge, jurors must be able to at least consider the imposition of the death penalty in the case before them. State v. Williams, 255 La. 79, 229 So.2d 706 (1969); State v. Hudson, 253 La. 992, 221 So.2d 484 (1969).

We have reviewed the *voir dire* examination of each of the prospective jurors. Each of them clearly stated that under no circumstances could he return a verdict of guilty as charged, because it carried the death penalty.

In his *Per Curiam*, the trial judge correctly states:

"* * · * [T]he questions and answers made it apparent that each of these nine jurors would have automatically voted against the imposition of capital punishment without regard to any evidence that might have developed at the trial of the case and that this attitude would have prevented them from making an impartial decision as to the defendant's guilt."

Although the decision of the California Supreme Court in the case of In Re Hillery, supra, is persuasive only, we have carefully reviewed it. In our opinion, the case is distinguishable from the one now before us. In that case, the Court accepted the rule that it is proper to exclude a juror who makes it unmistakably clear that he would automatically vote against the imposition of capital punishment without regard to any evidence at the trial. It concluded, however, that the response of the juror was unclear, because the trial judge suggested in his questions and statements that the law of California "required a juror to concur in a verdict imposing the death penalty in certain defined classes of cases."

In the present case, we find no misleading questions or statements. Each juror conceded that he could return a non-capital verdict, but stated that under no circumstances could he return an unqualified verdict of guilty as charged.

We conclude that the nine jurors were properly excused for cause.

For the reasons assigned, the conviction and sentence are affirmed.

McCaleb, J., recused.