254 So.2d 457

**STATE of Louisiana**

**v.**

**Terry Eugene FORD.**

**No. 51077.**

Nov. 8, 1971.

Edward G. Koch, Jr., New Orleans, for defendant-appellant.

Jack P. F. Gremillion, Atty. Gen., Harry H. Howard, Asst. Atty. Gen., Jim Garrison, Dist. Atty., Louise Korns, Asst. Dist. Atty., for plaintiff-appellee.

SANDERS, Justice.

This is a criminal prosecution. The Grand Jury of Orleans Parish indicted Terry Eugene Ford for the murder of Richard Byrd. On the day of trial, the District Attorney reduced the charge to manslaughter under LSA-R.S. 14:31. After trial, the jury returned a verdict of guilty. The trial judge sentenced defendant to a term of 15 years in the Louisiana State Penitentiary. The defendant has appealed, relying upon four bills of exceptions.

The State's theory of the case is this: About 6:50 p. m. on March 28, 1970, Richard Byrd and Alvin Sylvon, his brother-in-law, were at Byrd's apartment in New Orleans. The defendant, Ford, came by and requested Byrd "to go around the corner with him to straighten something out." Byrd refused, and Ford left. A few minutes later, as Byrd, Sylvon, and Robert West were standing outside the apartment, Ford approached carrying an object wrapped in a coat. From the coat, he drew a sawed-off shotgun and again asked Byrd to accompany him around the corner. Byrd attempted to seize the gun, but the defendant pulled the gun loose and shot him. Byrd died within an hour.

The bills of exceptions relate to the admission of hearsay evidence, the admission of photographs of the dead body, the trial judge's jury charge that only nine members were required to concur in a verdict, and the denial of a motion for a new trial.

BILL OF EXCEPTIONS NO. 1:

Hearsay Evidence.

While the State was putting on its case, Alvin Sylvon testified that about ten or fifteen minutes before the shooting, the defendant came by Richard Byrd's apartment. Over defense objection, he was permitted to testify that he overheard the defendant ask Byrd "to go around the corner with him to straighten something out." Byrd replied that he wasn't going anywhere.

Assuming that the foregoing testimony is hearsay, it was admissible as part of the *res gestae*. The conversation took place no more than fifteen minutes before the shooting and served as a prelude to the criminal act. LSA–R.S. 15:448. See State v. Reese, 250 La. 151, 194 So.2d 729, cert. den. 389 U.S. 996, 88 S.Ct. 485, 19 L.Ed.2d 495; State v. Forsythe, 243 La. 460, 144 So.2d 536; State v. Di Vincenti, 232 La. 13, 93 So.2d 676.

Hence, the bill of exceptions lacks merit.

### BILL OF EXCEPTIONS NO. 2:

### Photographs of Dead Body.

▮ Defendant objected to the admission in evidence of the photographs of the dead body of the victim, showing the gunshot wound. The trial judge overruled the objection and admitted the photographs. The defendant contends that these photographs had no essential evidentiary value, were gruesome, and inflamed the jury.

We cannot agree that the photographs had no evidentiary value. The State is required to prove every element of the crime beyond a reasonable doubt. The photographs were relevant to show the death, the cause of the death, and the identity of the victim.

Any photograph of a dead body is unpleasant. The present photographs show only the upper portion of the body and the wound. They do not appear unduly gruesome.

▮ The test of admissibility of such photographs is whether their probative value outweighs their probable prejudicial effect. State v. Maiden, 258 La. 417, 246 So.2d 810; State v. Hall, 256 La. 336, 236 So.2d 489; State v. Washington, 256 La. 233, 236 So.2d 23; State v. Morris, 245 La. 175, 157 So.2d 728.

We conclude that the present photographs had sufficient probative value to warrant their admission.

### BILL OF EXCEPTIONS NO. 3:

### Trial Judge's Charge That Only Nine Jurors Are Required to Concur in the Verdict.

▮ Defense counsel objected to the trial judge's charge to the jury that only nine of the twelve members of the jury were required to concur in the verdict. When the objection was overruled, he reserved a bill of exceptions.

In the trial court, the defendant took the position that the case began as a capital offense, murder, and that a unanimous verdict was required under Article 782 of the Louisiana Code of Criminal Procedure.

In this Court, he reiterates this argument but also contends that the Sixth Amendment of the United States Constitution requires a unanimous verdict in all felony

trials. In the present case, eleven jurors voted for the manslaughter verdict.

Article 782 of the Louisiana Code of Criminal Procedure provides:

> "Cases in which the punishment may be capital shall be tried by a jury of twelve jurors, all of whom must concur to render a verdict. Cases in which the punishment is necessarily at hard labor shall be tried by a jury composed of twelve jurors, nine of whom must concur to render a verdict. Cases in which the punishment may be imprisonment at hard labor, shall be tried by a jury composed of five jurors, all of whom must concur to render a verdict. Except as provided in Article 780, trial by jury may not be waived."

On the day of trial, the District Attorney amended the murder indictment to charge manslaughter, a lesser included offense. The defendant pleaded not guilty, and the trial was had on the manslaughter charge. Under the above Article, trial on a manslaughter charge would require a jury of twelve. The concurrence of nine jurors would normally be required for a verdict.

The District Attorney has control of every criminal prosecution instituted or pending in his district and determines whom, when, and how he shall prosecute. LSA–C.Cr.P. Art. 61. In the present case, he had the authority to prosecute only the lesser included offense of manslaughter.

Under similar circumstances, in State v. Doucet, 177 La. 63, 147 So. 500, this Court held:

> "The accused was charged with murder. But prior to proceeding with the trial the state abandoned the charge of murder and elected to go to trial only on the charge of manslaughter. The trial judge charged the jury that it took the concurrence of nine only of the members to render a verdict. Counsel for defendant objected to this charge as being illegal, and asked the court to charge that it took the concurrence of all twelve members of the jury to render any verdict. The court refused to so charge, and Bill No. 12 was reserved.

> "This bill discloses no error. The charge of manslaughter is included in that of murder, being a crime of the same generic class as murder, but one of a lesser degree. In such cases the state may abandon the charge of the greater crime and proceed with the prosecution of the lesser, and no formal amendment of the indictment is necessary for that purpose. A motion in open court in the presence of the accused and entered on the minutes prior to the beginning of the trial is sufficient. State v. Bourgeois, 158 La. 713, 104 So. 627. State v. Kelly, 176 La. 405, 146 So. 6.

> "The charge under which defendant was prosecuted was manslaughter, a

crime which is punishable at hard labor for a term not exceeding twenty years. Cases in which the punishment is necessarily at hard labor are triable by a jury of twelve, nine of whom must concur to render a verdict. It is only in capital cases that all twelve of the jurors must concur to render a verdict. Constitution 1921, art. 7, § 41."

Defendant notes, however, that in State v. Doucet, supra, the District Attorney attempted no amendment of the grand jury indictment. He contends that the District Attorney has no authority to amend the indictment to change the charge from murder to manslaughter.

▬ In State v. Doucet, supra, the District Attorney merely announced for the record that he abandoned the murder charge and elected to proceed to trial on the lesser included offense of manslaughter. See also State v. Kelly, 176 La. 405, 146 So. 6; State v. Bourgeois, 158 La. 713, 104 So. 627. Here, the District Attorney amended the indictment to reduce the charge from murder to manslaughter. The defendant cannot complain of the amendment, however, because he made no objection to it at the time it was offered. LSA–C.Cr.P. Art. 841. Hence, we find it unnecessary to pass upon the propriety of this procedure.

▬ We have previously considered and rejected the contention that the Sixth Amendment of the United States Constitution requires a unanimous verdict in all felony cases. See State v. Johnson, 255 La. 314, 230 So.2d 825;[1] State v. Schoonover, 252 La. 311, 211 So.2d 273. We adhere to that view.

We conclude that the bill of exceptions lacks merit.

## BILL OF EXCEPTIONS NO. 4:

Overruling Motion for a New Trial.

The final bill of exceptions was reserved to the overruling of the motion for a new trial. The motion for a new trial reurged the bill of exceptions already considered and alleged that the verdict was contrary to the law and evidence.

▬ The appeal to this Court is on questions of law only. The Court is without authority to review the evidence of guilt. Hence, as recognized in defendant's brief, the bill of exceptions presents nothing further for review.

For the reasons assigned, the conviction and sentence are affirmed.

1. Currently pending on appeal before United States Supreme Court, 400 U.S. 900, 91 S.Ct. 144, 27 L.Ed.2d 137.