PER CURIAM.
Defendant appeals from a conviction of manslaughter (La.R.S. 14:31) in the 26th Judicial District Court, Hon. Enos Mc-Clendon, J., for which he was sentenced to twelve (12) years at the Louisiana State Penitentiary.
Defendant perfected three bills-of exceptions.
*196 The first bill excepts to the trial judge’s admission over defendant’s objection into evidence of two photographic slides and allowing the jury to view them. The defendant objected on the grounds that the slides were inflammatory and prejudicial.
One slide shows the alleged deceased victim, and the other shows the exterior of the house where the crime allegedly took place.
It is clear that this bill of exception is without merit. The photographs are admissible as having a probative value which outweighs their probable prejudicial effect. The Coroner testified that the victim died from loss of blood. The photographs show the amount of blood on the victim’s bed at the time of death. State v. Ford, 259 La. 1037, 254 So.2d 457 (1971); State v. Cripps, 259 La. 403, 250 So.2d 382 (1971); State v. Callihan, 257 La. 298, 242 So.2d 521 (1970).
Bill of exceptions No. 2 was reserved when the trial court overruled the motion of defendant to have the court call Charles Kemp as the Court’s witness and to permit the State and the defendant to cross-examine him. The contention of defendant on this point is without merit, inasmuch as there is no procedural rule in Louisiana requiring the Court to call a witness so that both sides may cross-examine him.
Bill No. 2 contains another ground for complaint. That is, following the Court’s refusal to call Charles Kemp as its own witness, the defendant called him and was in the process of impeaching the witness on the grounds that the defendant was surprised. (See La.R.S. 15:487) by his testimony. The State objected to this on the grounds that “[n]o one can [be allowed to] impeach his own witness, unless he have been taken by surprise by the testimony ... or unless the witness show hostility toward him.” (La.R.S. 15:487); the court sustained the objection. From the record, it is clear that defendant was aware of what the testimony of the witness would be and was not taken by surprise nor was there any hostility shown by the witness. It was therefore improper for defendant to attempt to impeach his own witness. (La.R.S. 15:487). The Bill of Exceptions perfected on this point is without merit.
Bill No. 3 excepts to the trial court’s sending the jury back into the jury room to deliberate after the following colloquy took place:
“THE COURT: Very well, Gentlemen, have you reached a verdict ?
FOREMAN OF THE JURY: No, we haven’t, your Honor.
THE COURT: The Court did not state to you earlier, but I do so now, that you are not limited as to time in your delib *198 eration, nor are you bound to sit in the deliberation room without eating or otherwise — if you care to eat you may do so. As long as you are attempting to come to some agreement there is no limit on your time. Is it your statement to the Court that you are hopelessly deadlocked — Is that the situation you find yourself in?
FOREMAN OF THE JURY: Yes, sir, your Honor, it appears to be
THE COURT: What is your wish in the matter, Gentlemen ?
FOREMAN OF THE JURY: Your Honor, I think that if we could eat and then possibly discuss again to see what comes of it then.
THE COURT: Very well, if that be your thinking I suggest you do that, and whatever time you all reach a verdict notify the Court as a matter of course.
FOREMAN OF THE JURY: May it please the Court, your Honor, I can’t speak for each juror on that particular point, but could you possibly poll the jury box as to their belief on this ?
THE COURT: I think it would be the better plan if you either discuss it among yourselves back in the deliberation room or if you feel that you could eat and then discuss this again, then do that. If you want to discuss it further before you make that decision feel free to do so.
FOREMAN OF THE JURY: Yes, sir, I believe we’ll do that.
THE COURT: All right, you may retire and make that decision.
MR. KITCHENS: May it please the Court, for the benefit of the record we would like to object to the sending of the jury back to the jury room and I reserve a bill of exception to the Court permitting such.
THE COURT: Very well, let the bill be noted.”
It is evident that the Court in no manner coerced the jury and defendant has not been prejudiced. Sanders v. United States, 5 Cir., 415 F.2d 621, cert. denied, 397 U.S. 976, 90 S.Ct. 1096, 25 L.Ed.2d 271 (1969); State v. Rodman, 208 La. 523, 23 So.2d 204 (1945); State v. Bischoff, 146 La. 748, 84 So. 41. This bill is also without merit.
For the reasons stated, the sentence and conviction are affirmed.