271 So.2d 868 (1973)
STATE of Louisiana
v.
Roland Joseph GIBSON.
No. 52802.
Supreme Court of Louisiana.
January 9, 1973.
Rehearing Denied February 8, 1973.
*869 John Michael Lawrence, New Orleans, for defendant-appellant.
William J. Guste, Jr., Atty. Gen., Harry H. Howard, Asst. Atty. Gen., Jim Garrison, Dist. Atty., Louise Korns, Asst. Dist. Atty., for plaintiff-appellee.
PER CURIAM.
Through habeas corpus proceedings the defendant, Roland Joseph Gibson, was granted an out-of-time appeal from a conviction of murder without capital punishment, La.R.S. 14:30, for which he was sentenced to life imprisonment in the state penitentiary. The defendant relies on four bills of exceptions reserved and perfected during the proceedings to obtain a reversal of his conviction and sentence.
Bill of Exceptions No. 1 was taken to the trial court's ruling, after a hearing on the application for a Bill of Particulars, to the effect that the defendant was not entitled to know what weapons were used, or by whom, in the perpetration of the alleged crime.
This Court expounded at length in State v. Hudson (1969), 253 La. 992, 221 So.2d 484 at 491 why the defendant's contention is not well founded. There, faced with a similar request as here for particulars concerning the type or caliber of the pistol, its owner and who used it, this Court found that the state had fulfilled its obligation to respondent to the Bill of Particulars and that the trial judge had not abused his discretion in refusing any more particularization. See also, State v. Bourg, 248 La. 844, 182 So.2d 510 (1966).
This bill has no merit.
Counsel for Gibson filed a "Prayer for Oyer" in which he alleged, among other things, "that the defendant was entitled to any oral confessions, statements or admissions that he may have made", and "that the defendant was entitled to know whether the state had intended to use any confessions, statements, or admissions against the defendant in his trial." When the state refused to grant oyer, the trial judge, after a hearing on the matter, affirmed the state's position, and Gibson's counsel reserved Bills of Exceptions Nos. 2 and 3. These bills lack merit under the repeated decisions of this Court. State v. Hudson, 253 La. 992, 221 So.2d 484 (1969); State v. Daniels, 262 La. 475, 263 So.2d 859 (1972) and the cases cited therein. See also State v. Johnson, 249 La. 950, 980, 192 So.2d 135, 146 (1966).
By taking Bill of Exceptions No. 4, the defendant objected to the introduction into evidence of certain photographs (marked S-4, S-5 and S-6) as depicting something "that was not actually found that way, but was reconstructed in that fashion and which served no real purpose other than to inflame the jury."
This Court has repeatedly held that the trial judge is allowed to exercise his discretion in allowing the admission of photographic evidence, and that the test of admissibility of photographs of the dead body and photographs depicting the scene of the crime, was whether their probative value outweighed their probable prejudice. State v. Lacoste, 256 La. 697, 237 So.2d 871 (1970); State v. Ford, 259 La. 1037, 254 So.2d 457 (1971). We do not find that trial court abused his discretion in this instance.
We have further examined the record and find no errors discoverable from examination of the face of the record, despite the appellant's contention.
This bill is without merit.
For these reasons, the conviction and sentence are affirmed.
BARHAM, J., dissents being of the opinion that the rules of law applied to Bills of Exception 1, 2 and 3 are erroneous and cases holding to these rules should be overruled.