PER CURIAM.
Defendant, David Hayes, was tried and convicted by a jury of murder, La.R.S. 14:30, and sentenced to death. Defendant relies on five bills of exceptions reserved and perfected at the trial to obtain a reversal of his conviction and sentence.
Defendant’s Bill of Exceptions No. 1 was taken to the trial court’s overruling defense counsel’s objection to the excusing for cause of prospective jurors who declared themselves incapable of returning a verdict of guilty as charged in a capital case.
Witherspoon v. Illinois, 391 U.S. 510, 88 S.Ct. 1770, 20 L.Ed.2d 776 (1968) does not prohibit the state from excluding, for cause, a prospective juror who indicates that, in the case to be tried, he could under no circumstances, return a verdict that would entail capital punishment. It is now settled that the state may exclude for cause a prospective juror who indicates that he is incapable of returining a verdict of guilty in a capital case. State v. Strong, 256 La. 455, 236 So.2d 798 (1970); State v. Douglas, 256 La. 572, 237 So.2d 382 (1970); State v. Mejia, 257 La. 310, 242 So.2d 525 (1970). This bill of exceptions is without merit.
Bill of Exceptions No. 2 was taken to the trial judge’s admission of hearsay testimony on the theory of the res gestae exception to the hearsay rule. The testimony challenged is that of Mr. William Kelly, the victim’s father, who testified that, after the defendant had fired one shot into the house striking his stepdaughter, Dorothy Mae Porter, Mr. Kelly heard his wife exclaim, immediately following a second shot, “Dave, you done shot my son.”
The trial judge admitted the statement on the grounds that it was part of the res gestae. Rather than using the res gestae exception, we find that the statement is more properly admissible under the “excited utterance” exception to the hearsay rule. See Comment, Excited Utterances and Present Sense Impressions as Exceptions to the Hearsay Rule in Louisiana, 29 La.L. Rev. 661, 667 (1969); The Work of the Louisiana Appellate Courts for the 1968— 1969 term, 30 La.L.Rev. 171, 324 (1969).
Bill of Exceptions Nos. 3 and 4 both pertain to the same issue, whether or not the trial court erred in allowing certain photographs of the deceased into evidence. We accept the trial court’s per curiam to the effect that the photographs were properly admitted having a probative value which outweighed any probable prejudicial effect. These bills of exceptions have no merit. State v. Ford, 259 La. 1037, 254 So. 2d 457 (1971); State v. Cripps, 259 La. 403, 250 So.2d 382 (1971); State v. Callihan, 257 La. 298, 242 So.2d 521 (1970).
By Bill of Exceptions No. 5, the defendant objected to the prosecutor’s line of questioning as allegedly “designed to imply to the jury allegations which the defendant was obviously not making.”
As accurately summarized by trial court’s per curiam, the basis for the question objected to appears to be the inconsistency between the defendant’s direct testimony that he shot the victim, Melvin Kelly, “a half block down the street from his house”, and facts revealed by the police that two spent pellets matching his gun were found at the victim’s home, one in the hallway of the house, the other by the front door. The trial court interprets the prosecution’s intention in saying, “In other words, relating to these two pellets, it’s a frame up, is that right?” as being nothing more than confronting the witness and the jury with the logical inconsistency of the witness’ testimony in light of the testimony of the police. This bill has no merit.
This Court notes, ex proprio motu, the mandate of the United States Supreme Court to require the imposition of a sentence other than death. Stewart v. Massachusetts, 408 U.S. 845, 92 S.Ct. 2845, 33 L.Ed.2d 744 (1972) following Furman v. Georgia, 408 U.S. 238, 92 S.Ct. 2726, 33 L. *527 Ed.2d 346 (1972). Accordingly, in compliance with the Mandate of the United States Supreme Court, the death sentence imposed upon defendant is annulled and set aside and the case is remanded to the Criminal District Court, Parish of Orleans, Section “B”, with instructions to the trial judge to sentence the defendant to life imprisonment.
Conviction affirmed; case remanded.