352 So.2d 212 (1977)
STATE of Louisiana
v.
Clarence GARDETTE.
No. 59912.
Supreme Court of Louisiana.
November 14, 1977.
*213 Lyall G. Shiell, Jr., New Orleans, for defendant-appellant.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Harry F. Connick, Dist. Atty., William L. Brockman, Asst. Dist. Atty., for plaintiff-appellee.
SANDERS, Chief Justice.
A grand jury indicted the defendant, Clarence Gardette, with aggravated rape, a violation of LSA-R.S. 14:42. A unanimous jury returned a guilty verdict. The court imposed the death penalty. However, after the United States Supreme Court held the mandatory death penalty for aggravated rape unconstitutional,[1] the court vacated the death penalty and re-sentenced him to twenty years at hard labor.
The defendant appeals. He relies on four assignments of error for reversal of his conviction and sentence. As the defense failed to brief or argue the remaining assignments of error, we consider them abandoned. State v. Phillips, La., 337 So.2d 1157 (1976); State v. Blanton, La., 325 So.2d 586 (1976); State v. Carlisle, La., 315 So.2d 675 (1975).
We adduce the following context facts:
*214 The victim is a seventy-nine year old widow. The defendant gained entry into her home by posing as her paperboy. Once inside, he admitted an accomplice. They stole a small amount of cash and a television set. The defendant raped the victim, while threatening her with a hammer.

ASSIGNMENT OF ERROR NO. 2
The defendant complains of the denial of two motions to quash attacking the composition of the grand jury venire. Specifically, he alleges that there were no residents of a specified housing project and no people between eighteen and twenty-one years of age in the grand jury venire.
To support a challenge made to the composition of a jury venire, the defendant must demonstrate that there has been a systematic discrimination or exclusion affecting that class in the selection of the jury panel. State v. Taylor, La., 347 So.2d 172 (1977); State v. Haynes, La., 339 So.2d 328 (1976); State v. Jones, La., 332 So.2d 461 (1976).
The defense introduced the following evidence at the hearing on the motions to quash:
The State and the defendant stipulated that no grand juror was between eighteen and twenty-one years of age. However, the names placed in the grand jury venire were blindly selected from the voting rolls which contain names of people between eighteen and twenty-one. Further, the jury commissioner testified that the process servers had the discretion to serve any people in any area and that he did not know whether they served any resident of that specific housing project.
This evidence does not indicate that there has been any discrimination. Young people were included in the grand jury venire. No satisfactory evidence shows that residents of that housing project were not served. We hold that the defendant has failed to sustain the burden of proving systematic exclusion of these two groups. Thus, the trial court correctly overruled his motions to quash.
This assignment of error is without merit.

ASSIGNMENT OF ERROR NO. 3
The defendant avers that the court erred in overruling his motion for a directed verdict. In denying the motion, the judge stated that Act No. 527 of 1975, an amendment to Louisiana Code of Criminal Procedure Article 778, prohibits a court from directing a verdict in a jury trial. In brief, the defendant alleges that the application of this amendment to criminal trials after its effective date, September 12, 1975, renders it unconstitutional as an ex post facto law.
The defense failed to raise this issue at trial. Thus, as he argues it for the first time on appeal, we may not treat it. State v. Ford, La., 349 So.2d 300 (1977); State v. O'Blanc, La., 346 So.2d 686 (1977); State v. Porter, La., 344 So.2d 1031 (1977).
Assuming, however, that the defense properly presents this constitutional argument for our review, we hold that the trial judge correctly overruled the motion for a directed verdict. The authority of a trial judge to grant a directed verdict of acquittal in a jury trial is strictly a procedural matter. This amendment to Article 778 does not divest the defendant of any substantive rights. State v. Clark, La., 340 So.2d 208 (1976); State v. Marks, La., 337 So.2d 1177 (1976).
In State v. Sepulvado, La., 342 So.2d 630, 635 (1977), we stated:
"Procedural laws relate exclusively to questions of remedy and, in criminal cases, pertain to the method prescribed for the conduct of the prosecution. Enactments of this nature may regulate the mode of prosecution after their effective date and not offend the prohibition against ex post facto laws, for no one has a vested right in a mere mode of procedure. Todd v. State, 228 Ga. 746, 187 S.E.2d 831 (1972). See also Fithian v. Centanni, 159 La. 831, 106 So. 321 (1925)."
We conclude that there is no constitutional infirmity in the statute as applied.
This assignment of error is without merit.

*215 ASSIGNMENTS OF ERROR NOS. 4 AND 5
The defendant complains of the denial of his motion for a new trial. He asserts two grounds in the motion: that he was entitled to have a separate indictment filed against him, and that the court improperly polled the jury.
Firstly, he contends that Louisiana Code of Criminal Procedure Article 705 requires the State to file separate indictments since this Court ordered the charges against him and his co-indictee severed.
After the court overruled the motion for directed verdict but prior to oral argument, the defense asserted that no separate indictment had been filed against Gardette as required after a severance. The trial judge overruled the objection, and the matter was unsuccessfully reurged in the motion for a new trial.
The defendant relies upon Article 705 of the Louisiana Code of Criminal Procedure, which provides:
"When the court has ordered severance of an indictment, the district attorney shall file separate indictments.
"In the case of a grand jury indictment, no further action by the grand jury is required. Severed indictments shall be considered as filed on the date of the filing of the original indictment. Proceedings under the original indictment are not affected by the severance except insofar as they may be inconsistent with some other provision of this Code. The effects of a severance, as stated in this article, apply to severances under Articles 532(3) and 704."
Since the defense presented this objection for the first time near the end of the trial, we regard the objection as untimely. LSA-C.Cr.P. Art. 841. See State v. Ford, 259 La. 1037, 254 So.2d 457 (1971).
Assuming, however, that the objection was timely made, we discern no error. The grand jury jointly indicted the defendant and Edward Wilson for aggravated rape. On motion of Wilson, this Court ultimately granted a severance. State v. Wilson, La., 319 So.2d 446 (1975). After the severance had been granted, the State proceeded against Gardette alone under the indictment. We regard the action taken as substantial compliance with the article. No new indictment by the grand jury was required. LSA-C.Cr.P. Art. 705, Comment (c).
The second ground urged in his motion for a new trial arises from his request that the court poll the jury. In his brief, defendant contends that the court improperly polled the jury by a system in which each juror wrote his verdict and name on a separate piece of paper. He apparently refers to the "written polling" introduced by Act 475 of 1975, amending Louisiana Code of Criminal Procedure Article 812, which became effective prior to the present trial.
The sole reference to the polling appears in the minutes. The minutes recite:
"On Motion by the Defense, the jury was polled and found to be unanimous. The Court ordered the verdict recorded." [R. p. 13.]
The minutes do not reflect the procedure used.
Louisiana Code of Criminal Procedure Article 841 prohibits us from reviewing the correctness of this procedure since the record does not reflect that the defendant voiced a contemporaneous objection to the polling. State v. Sosa, La., 328 So.2d 889 (1976), and the cases cited therein.
These assignments of error are without merit.
For the reasons assigned, the conviction and sentence are affirmed.
NOTES
[1] Selman v. Louisiana, 428 U.S. 906, 96 S.Ct. 3214, 49 L.Ed.2d 1212 (1976).