455 So.2d 687 (1984)
STATE of Louisiana, Appellee,
v.
Ira LOYD, Appellant.
No. 16325-KA.
Court of Appeal of Louisiana, Second Circuit.
August 22, 1984.
Rehearing Denied September 21, 1984.
Writ Denied December 7, 1984.
Donald R. Minor, Indigent Defender, Shreveport, for appellant.
William J. Guste, Jr., Atty. Gen., Baton Rouge, Paul J. Carmouche, Dist. Atty., Robert W. Gillespie and John A. Broadwell, Asst. Dist. Attys., Shreveport, for appellee.
Before HALL, MARVIN and NORRIS, JJ.
MARVIN, Judge.
Ira Loyd appeals his conviction of manslaughter by unanimous jury verdict after being indicted for 2d degree murder. Defendant's first six assignments relate to *688 rulings made during trial. His seventh assignment contends that his sentence to 30 years at hard labor, as an habitual offender under LRS 15:529.1, was constitutionally excessive. We affirm the conviction and the sentence.

FACTS
Defendant admitted stabbing his estranged wife before witnesses, transporting her body several miles to an isolated lakefront area, and later turning himself in and confessing to the police. Defendant contended that his wife produced a knife during an argument with him and that his fatal stabbing of her was accidental. He said he was under the influence of alcohol and drugs and had disposed of her body because he panicked after the stabbing occurred.

ASSIGNMENTS 1 and 3
Defendant contends that his statement to the police was not freely and voluntarily given and that he did not knowingly and intelligently understand his Miranda rights because he had injected himself with narcotics, smoked marijuana, and consumed a large quantity of alcoholic beverages during the four to five hours before the homicide. He further contends that his recorded statement to the police six hours after the stabbing should not have been heard by the jury because it contained many profanities and vulgarities which caused the jury to be prejudiced towards him. Defendant confessed after the body was found by police.
Police witnesses who testified on the hearing of defendant's motion to suppress his statement indicated that defendant was coherent, knowledgeable about what was occurring and was able to "talk straight," even though he smelled of alcohol and was somewhat unsteady on his feet at times. Whether intoxication exists to a degree sufficient to vitiate a confession is a question of fact. The trial court's determination in this area will not be disturbed where it is supported by the evidence. See State v. Mitchell, 437 So.2d 264 (La.1983); State v. Meredith, 400 So.2d 580 (La.1981); State v. Smith, 409 So.2d 271 (La.1982).
The profane language used by defendant in his confession consisted of four-letter words which are not uncommon or overly shocking in today's society. Defendant, in fact, used one of these words when testifying before the jury. A recorded confession is considered the best evidence of what a defendant has said. See State v. Alexander, 328 So.2d 144 (La. 1976). A confession must be used in its entirety. The state cannot edit a confession to make it more inculpatory. See LRS 15:450. Any confession, of course, is prejudicial but that prejudice is outweighed by its probative effect. A defendant should not be able to "clean up" his confession or complain of added prejudice because he voluntarily interjects profanity into his confession if the confession is otherwise admissible under the law and the constitution.
We find assignments 1 and 3 without merit.

ASSIGNMENT 2
When an eyewitness to the stabbing was testifying on redirect examination, she was asked about the defendant's arrival at the scene with two of his friends.
"Did you know at that time that Ira Loyd was with the men?
"No.
"When did you learn Ira Loyd was with them?
"... all three of them [meaning defendant and his two friends] walked up the parking lot and [the victim] said that was [Ira Loyd] and that he had come to kill her"
Defendant objected, asked that the jury be removed, and then moved for a mistrial.
The motion for mistrial was argued and overruled. The trial court admonished the jury when it returned that it should not consider the recited answer and should "disregard it" in its deliberations.
The trial court did not err in refusing a mistrial under these circumstances. The witness was a lay witness and not an officer of the court. Her answer was unresponsive *689 and unsolicited. The jury was admonished. CCrP Art. 771 allows a mistrial in such circumstances, but at the discretion of the trial court, and when an admonition will not serve to cure what is found to be substantial prejudice. State v. Michel, 422 So.2d 1115 (La.1982); State v. Smith, 418 So.2d 515 (La.1982). We find no substantial prejudice, no abuse of the court's discretion, and no error in this assignment.

ASSIGNMENT 5
Defendant contends that the trial court committed reversible error when it refused to give two requested charges to the jury. CCrP Arts. 802, 807. The requested charges related to the absence of proof of motive insofar as motive bears on the element of intent under 2d degree murder or under manslaughter. LRS 14:30.1, 31.
The first requested charge was that "the failure ... of the prosecution to prove [motive of] ... the accused to commit the crime is a circumstance favorable to the accused." The second was that "... lack of motive may properly be considered as a circumstance mitigating against specific intent."
The jury was charged on the law of 2d degree murder, of manslaughter, specific and general criminal intent, the presumption of innocence, burden of proof, reasonable doubt, and the weighing and absence of testimony in the performance of the jury's function as the sole judge of the facts. The jury was told to give the defendant the benefit of every reasonable doubt arising out of the evidence or want of evidence. Additionally, the jury was told that manslaughter was a homicide that was committed either in "sudden passion or heat of blood immediately caused by provocation..." or "without any intent to cause death or great bodily harm."
Even should we assume arguendo that the requested charges were correct statements of the law, we find no error. The charge given by the court effectively told the jury what defendant requested. The jury did not find defendant guilty of 2d degree murder and apparently considered that defendant acted in sudden passion or heat of blood when he stabbed his wife or that defendant stabbed his wife without intending death or great bodily harm. LRS 14:31. Assignment 5 presents no error.

ASSIGNMENT 7
In a convoluted argument, defendant contends that the "additional" nine years given him because of his prior felony conviction constitutes "double jeopardy" and extends an already "unjustified" maximum manslaughter sentence of 21 years to an "excessive" 30 years. We do not agree.
Under LRS 15:529.1, and as a second felony offender, defendant was exposed to a minimum 7 years and a maximum 42 years at hard labor. The colloquy between defendant and the court at his plea of guilty in 1978 to the reduced charge of attempted aggravated rape was before the trial court and is before this court. The PSI report is contained in this record. The sentencing factors were articulated by the trial court. The sentence of 30 years is less than the maximum and more than the minimum sentence under LRS 15:529.1 and is within the trial court's prerogative. It is not illegal and is not excessive.

CONCLUSION
Finding no merit in the assignments argued, defendant's conviction and sentence are AFFIRMED.