458 So.2d 996 (1984)
STATE of Louisiana, Plaintiff-Appellee,
v.
Murphy LAMB, Defendant-Appellant.
No. CR83-618.
Court of Appeal of Louisiana, Third Circuit.
November 7, 1984.
*997 Pat F. Willis, Jr., Atty. At Law, Opelousas, for defendant-appellant.
Morgan J. Goudeau, III, Dist. Atty., Opelousas, for plaintiff-appellee.
Before DOMENGEAUX, CUTRER and LABORDE, JJ.
CUTRER, Judge.
On May 15, 1982, the defendant, Murphy Lamb, was arrested and charged with second degree murder, a violation of LSA-R.S. 14:30.1. On May 25, 1982, a grand jury returned a true bill charging defendant with second degree murder. The defendant entered a plea of not guilty and was later tried and convicted of the charge by a jury of twelve persons. The defendant filed a motion for a new trial; a hearing was held and the motion was denied. Defendant then waived all delays in sentencing and was sentenced to life imprisonment at hard labor without benefit of parole, probation or suspension of sentence. Defendant appeals his conviction alleging two assignments of error.

FACTS
During the early morning hours of May 15, 1982, defendant, the victim and several of their friends and relatives were visiting various drinking establishments in the area of Opelousas, Louisiana, known as "The Hill." It appears that defendant and the victim, Lionel Zachary, were both dating the same girl, Sophie, who had informed Zachary that she was pregnant with the defendant's child. Defendant claims that he had been warned that Zachary was out to get him because of Sophie's condition.
During the course of the evening, Zachary and defendant became involved in a fight. From that point on, hostilities escalated between the two men. Apparently, as defendant tried to drive away from "The Hill," Zachary would block his path at every turn. Finally, defendant approached Zachary's car, where he was seated behind the steering wheel, stood beside and slightly behind Zachary, and fired one shot into Zachary's shoulder area. The shot pierced Zachary's lungs and lodged near the heart, triggering a tamponade which resulted in the victim's death.
Shortly thereafter, defendant turned himself in to local authorities and gave a complete statement recounting the events of that night and the shooting of Zachary.
ASSIGNMENT OF ERROR NUMBER 1
Through this assignment the defendant argues that the trial court erred in denying the motion for a new trial since the verdict was contrary to the law and the evidence and the verdict does an injustice to the defendant.
*998 The defendant was charged with second degree murder, a violation of LSA-R.S. 14:30.1, which reads as follows:
"Second degree murder is the killing of a human being:
(1) When the offender has a specific intent to kill or to inflict great bodily harm; or"
Thus, the State was required to prove beyond a reasonable doubt that the defendant in fact killed Zachary and that he acted with the specific intent to kill or inflict great bodily harm. The record is replete with testimony that the defendant did kill Zachary. Even the defendant, both in his written statement and on the witness stand, admitted that he pointed a loaded gun at Zachary and pulled the trigger, firing one fatal shot into the victim. The expert and lay testimony leaves no doubt that the defendant killed Zachary. As to intent, it is clear from the testimony of numerous witnesses, and the defendant himself, that the jury could infer specific intent from defendant's actions. The defendant willingly walked over to Zachary's car, stood beside and slightly behind Zachary, pointed his gun at Zachary's back, and fired one shot, killing him.
These facts alone were enough for the jury to conclude that the defendant intended to at least inflict great bodily harm. For, "although intent is a question of fact, it need not be proven as a fact; instead, it may be inferred from circumstances of transactions and actions of the accused." State v. Fuller, 414 So.2d 306 (La.1982); State v. McDermitt, 406 So.2d 195 (La.1981); In Interest of Franklin, 399 So.2d 671 (La.App. 1st Cir.1981); LSA-R.S. 15:445. Additionally, specific intent is an ultimate legal conclusion to be resolved by the factfinder. State v. Graham, 420 So.2d 1126 (La.1982). The jury could easily infer, from the circumstances presented to it, that defendant acted with the specific intent to do great bodily harm. Discharging a firearm aimed directly at the victim is indicative of intending to do great bodily harm. Viewing the evidence in the light most favorable to the prosecution, it is evident that the jury could reasonably have concluded that defendant acted with the requisite intent. See: State v. Huizar, 414 So.2d 741 (La.1982).
Defendant contends that the evidence of the previous fight, continued harassment, and the fact that defendant thought the victim was armed and reaching for a gun, all indicate that he acted in self-defense. It is well settled that:
"In a homicide prosecution where the defendant claims self-defense, the state must prove beyond a reasonable doubt that the homicide was feloniously committed and was not perpetrated, in self-defense....." (Citations omitted.)
State v. Edwards, 420 So.2d 663 (La.1982).
The record clearly establishes that the defendant did not act in self-defense. The testimony at trial does not indicate that defendant was in immediate danger from the victim. The fight had ended long before this confrontation. The two men left in their automobiles. Defendant got out of his car and voluntarily walked over to the victim's car, gun in hand. As he approached the victim he thought he saw him reach downward for a weapon and, thus, defendant fired one shot into the victim's back. No weapon was found on or near the victim and witnesses testified that the victim was not armed. In addition, the jury could consider the strong possibility of retreat in this case. Thus, the facts are inconsistent with self-defense and indeed strongly tend to prove otherwise.
There was more than enough evidence upon which the jury could base its verdict of guilty as charged. For the reasons stated above, this assignment is without merit.
ASSIGNMENT OF ERROR NUMBER 2
Through this assignment, the defendant argues that the trial court erred in polling the jury in accordance with LSA-C. Cr.P. art. 812(2), which provides:
"(2) The procedures for the written polling of the jury shall require that the clerk hand to each juror a separate piece of paper containing the name of the juror and the words `Is this your verdict?' *999 Each juror shall write on the slip of paper the words `Yes' or `No' along with his signature."
The defendant asserts that the technical requirements of art. 812(2) may not have been followed. But defendant made no contemporaneous objection at trial to the procedure used to poll the jury. Thus, the trial court was not afforded an opportunity to comply with the technical requirements of art. 812(2). Because the defendant failed to make a contemporaneous objection to the polling procedure used, the procedure cannot now be reviewed.
"In his brief, defendant contends that the court improperly polled the jury by a system in which each juror wrote his verdict and name on a separate piece of paper. * * *
* * * * * *
"The minutes do not reflect the procedure used.
"Louisiana Code of Criminal Procedure Article 841 prohibits us from reviewing the correctness of this procedure since the record does not reflect that the defendant voiced a contemporaneous objection to the polling. State v. Sosa, 328 So.2d 889 (La.1976), and cases cited therein."
State v. Gardette, 352 So.2d 212 (La.1975). See also, State v. Mouton, 319 So.2d 331 (La.1975).
This assignment is without merit.
For these reasons, the conviction and sentence are affirmed.
AFFIRMED.