518 So.2d 518 (1987)
STATE of Louisiana
v.
Carl Ray NELSON.
Nos. CR 87-281, CR 87-282.
Court of Appeal of Louisiana, Third Circuit.
November 4, 1987.
Rehearing Denied February 4, 1988.
*520 Richard A. Morton, Nichols & Morton, DeRidder, for defendant-appellant.
William C. Pegues, III, Dist. Atty., DeRidder, for plaintiff-appellee.
Before DOMENGEAUX, DOUCET and LABORDE, JJ.
DOMENGEAUX, Judge.
On September 16, 1986, in criminal proceeding No. CR 87-281, the defendant, Carl Ray Nelson, was convicted of attempted first degree robbery, a violation of La.R.S. 14:27 and 14:64.1. Defendant was subsequently adjudicated as an habitual offender in criminal proceeding No. CR87-282. On January 15, 1987, defendant was sentenced to serve twenty-five years at hard labor, without benefit of parole, probation, or suspension of sentence.

FACTS
On May 5, 1986, at about 10:00 P.M., in DeRidder, Louisiana, defendant, Carl Ray Nelson, entered the Skipper Motel and threatened to shoot Mr. J.S. Patel, the motel's owner and manager, if he did not give him money. Mr. Patel thought the defendant had a gun and was afraid for his life. Mr. Patel described the defendant as wearing shorts and a shirt, and holding something under his shirt which defendant indicated to be a gun. Mr. Patel darted behind a doorway and the defendant left the premises and headed off in the direction of a nearby Charter Food Store. Mr. Patel picked defendant's picture out of a photographic lineup the next day.
Ms. Lou Ellen Taylor, a cashier at the Charter Food Store, testified that at about 10:45 P.M. on May 5, 1986, the defendant entered the Charter Food Store. Ms. Taylor testified that the defendant was wearing shorts and a shirt, made representations like he had a gun under his shirt, and threatened to shoot her if she did not give him money. Defendant was later apprehended and charged by bill of information with three counts of attempted first degree robbery. Two counts were dismissed and defendant was prosecuted for, and convicted of, the attempted first degree robbery of Mr. Patel.

ASSIGNMENT OF ERROR NO. 1
By this assignment of error, defendant contends that the trial court erred in admitting evidence of other crimes for which he was not on trial. Defendant argues that the testimony of Ms. Lou Ellen Taylor, regarding the robbery occurring at the Charter Food Store, was immaterial and overly prejudicial.
Ms. Taylor testified that she was a cashier at the Charter Food Store, and that at 10:45 P.M. on May 5, 1986, a black man tried to rob her. Ms. Taylor testified that the robber came into the store, demanded money, and threatened to shoot her if she did not comply. She stated that the robber had his hand under his shirt and she believed he had a gun. Ms. Taylor identified defendant as the robber, and stated that on the night of the crime, defendant wore cut-off jeans or shorts, and a shirt. Finally, Ms. Taylor stated that the Charter Food Store was located just down the block from the Skipper Motel, the scene of the charged crime.
The court held that evidence of this other crime was admissible under La.R.S. 15:446 to prove identity.
La.R.S. 15:446 provides that:
"When knowledge or intent forms an essential part of the inquiry, testimony may be offered of such acts, conduct or declarations of the accused as tend to establish such knowledge or intent and where the offense is one of a system, evidence is admissible to prove the continuity *521 of the offense, and the commission of similar offenses for the purpose of showing guilty knowledge and intent, but not to prove the offense charged."
Additionally, in order to be admissible, other crimes evidence must be material to a real and genuine issue, and its probative value must not be outweighed by its prejudicial effect. State v. Prieur, 277 So. 2d 126 (La.1973).
In State v. Ester, 436 So.2d 543 (La. 1983), the defendant was originally charged with two counts of distribution of a controlled dangerous substance, one crime occurring on July 11th and the other on July 17th. The two charges were severed for trial. The defendant gave notice of an alibi defense. The State then gave notice of its intention to introduce evidence of the second offense in order to prove identity and rebut the defendant's alibi. The trial court ruled that this was permissible. After this ruling, the defendant did not present his alibi defense and, on appeal, contended that the evidence of the other crime deprived him of a fair trial.
In determining that evidence of the other crime was admissible, the court stated:
"... when the pattern of two offenses is so identical, the system exception applies if identity of the defendant as the perpetrator is a crucial issue. State v. Banks, 307 So.2d 594 (La.1975). Identity of George Ester was conceded to be the only real issue ... Where identity is genuinely at issue, system evidence has relevance independent of the defendant's criminal propensity and should be admitted with the other test of admissibility. State v. Hatcher, 372 So.2d 1024 (La. 1979)."
Therefore, under Ester, supra, other crimes evidence is admissible to prove identity under La.R.S. 15:446 if identity is an issue, and if the probative value of the other crime outweighs its prejudicial effect.
In this case, like Ester, supra, the defendant was originally charged with multiple robberies. The State dismissed two counts and prosecuted the remaining count, the case at bar. Mr. Patel, the victim of the charged crime testified concerning the identity of the perpetrator. Mr. Patel identified his assailant as a black man in shorts and a shirt who came into his store with what appeared to be a gun under his shirt, and demanded money. Although Mr. Patel picked defendant's photo out of a lineup, at trial he did not identify that photo to be the defendant. On cross examination, Mr. Patel admitted that it took him three or four minutes to pick out the photo, and that he had trouble recalling what his assailant looked like because he had only had a quick look. Therefore, Mr. Patel's testimony did not clearly establish the identity of the robber.
The testimony of Ms. Taylor concerning the attempted robbery of the Charter Food Store, detailed a system of criminal activity almost identical to the attempted robbery of the Skipper Motel. Ms. Taylor stated that her assailant wore shorts and a shirt, held his hand under his shirt, demanded money, and threatened to shoot her if she failed to comply. The Charter Food Store attempted robbery occurred within minutes of the Skipper Motel attempted robbery, and was just a short distance away. Unlike Mr. Patel, Ms. Taylor had no problem identifying the defendant as the perpetrator of the Charter Food Store attempted robbery.
The other crimes evidence here was relevant to the critical issue of the identity of the perpetrator of the crime. The probative value of this evidence outweighed its prejudicial effect.
This assignment of error has no merit.

ASSIGNMENTS OF ERROR NOS. 2, 3, AND 4
By these assignments of error defendant contends that the State presented insufficient evidence to support his conviction because (1) the defendant was never identified in court by the victim of the crime, (2) the State failed to show the victim reasonably believed defendant was armed, and (3) the jury used the other crimes evidence for more than the limited purposes for which it was offered.
*522 Defendant was convicted of attempted first degree robbery, which is defined in La.R.S. 14:64.1, as the taking of anything of value belonging to another, from the person of another, or that is in the immediate control of another by the use of force or intimidation, when the offender leads the victim to reasonably believe he is armed with a dangerous weapon. In order to prove attempt under La.R.S. 14:27, the prosecution must show that the defendant committed an act in furtherance of the crime. The essential elements which the prosecutor had to prove in this case were (1) that defendant committed an act in furtherance of committing a robbery, (2) that defendant used force or intimidation, and (3) that defendant lead his victim to reasonably believe he was armed.
Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979), sets forth the standard to review the sufficiency of the evidence on appeal.[1] The Jackson test is whether any rational factfinder, viewing the evidence in the light most favorable to the prosecution, could have found that the essential elements of the offense were proven beyond a reasonable doubt.

IDENTITY OF THE DEFENDANT
It is true, as defendant contends, that the victim, Mr. Patel, never directly identified the defendant. Ms. Taylor testified that the defendant tried to rob the Charter Food Store where she worked. Taylor's description of the robber, and the manner in which he tried to rob her, matched Mr. Patel's testimony and provided sufficient evidence that the defendant committed the charged crime. A rational factfinder, viewing the evidence in a light most favorable to the prosecution, could conclude beyond a reasonable doubt that it was the defendant who attempted the robbery of the Skipper Motel.
This assignment has no merit.

REASONABLE BELIEF THAT DEFENDANT WAS ARMED
Defendant contends that there was insufficient evidence presented to prove that the victim reasonably believed that defendant was armed. Mr. Patel testified that defendant told him "Believe me. I've got a gun." Mr. Patel also stated defendant was holding something under his shirt. Mr. Patel did state: "And I couldn't see what's behind it. But I presume he had a gun or something under there, but he said he had a gun."
On redirect examination, the prosecutor again asked the victim "And you thought he did have a gun, didn't you? Yes sir. Or he had something. You know he said he had a gun, but I didn't see what was underneath." Although Mr. Patel never saw a weapon, the trier of fact reviewing the evidence in a light most favorable to the prosecution could find beyond a reasonable doubt that Mr. Patel reasonably believed the defendant was armed with a dangerous weapon.
This assignment has no merit.

WHETHER OR NOT THE JURY USED EVIDENCE OF OTHER CRIMES FOR MORE THAN THE LIMITED PURPOSE FOR WHICH IT WAS OFFERED
The Judge explained to the jury that the evidence of other crimes committed by the defendant was only to be considered in determining identity. "You may not find him guilty of that offense simply because he may, in your opinion, have committed another offense." The trial judge did all he could to insure that the other crimes evidence would not be used to convict the defendant of the instant offense because he had committed another crime.
Upon review of the record, this Court cannot determine whether or not the jury improperly used evidence of other crimes in *523 rendering the verdict. However, there was more than enough independent evidence presented, without improperly using evidence of other crimes, to find all the essential elements of attempted first degree robbery. There was adequate evidence that defendant was identified as the man who entered the Skipper Motel, threatened Mr. Patel with what Mr. Patel reasonably believed to be a weapon, and ran away after Mr. Patel darted behind a heavy door. As the verdict is supported by the evidence, this assignment has no merit.

ASSIGNMENT OF ERROR NO. 5
By this assignment of error the defendant argues that the trial court erred in admitting evidence of a photograph identification of defendant by the victim, Mr. Patel. Defendant was identified by Mr. Patel in a photographic lineup on the day after the crime occurred. Defendant contends that because there was a card attached on the lineup folder indicating that defendant's photo, photo number two, was a suspect, the victim might have been influenced in his decision of identification.
Mr. Patel testified that Officer Smith presented him with a photographic lineup and he picked photo number two as the perpetrator of the crime. Mr. Patel stated that no one said anything to him, or suggested anything to him and his lineup selection was based on his own independent recollection. Officer Smith testified that he compiled the lineup, brought it to the Skipper Motel, gave Mr. Patel an instruction form to read, opened the lineup folder, let Mr. Patel look at it, make his selection and sign it. Officer Smith stated that he made no suggestions, even accidentally, to Mr. Patel. Officer Smith admitted that a card was attached to the lineup folder indicating that photo number two was of the suspect. However, he stated unequivocally that there was no chance that Mr. Patel saw this card prior to identifying the defendant.
The trial court heard the testimony of all parties and was in the best position to determine credibility. Both Mr. Patel and Officer Smith indicated that Mr. Patel did not see the card indicating which photograph was of the suspect. The trial judge's credibility determination is within his discretion and is affirmed. This assignment of error has no merit.

ASSIGNMENT OF ERROR NOS. 6 AND 7
By these assignments of error defendant contends that the trial court erred in sentencing him to an unconstitutionally excessive sentence.[2]
Additionally, the defendant contends that the trial judge was biased in his past dealing with the defendant, and that the trial judge failed to adequately consider all sentencing guidelines set forth in Article 894.1.
La.C.Cr.P. art. 894.1 provides for guidelines the court must use in determining the sentence for a defendant convicted of a felony or misdemeanor. Paragraph (C) of the article requires the Court to state for the record the considerations taken into account and the factual basis used in imposing the sentence.
In order to comply with the requirements of article 894.1, the sentencing court need not articulate every aggravating and mitigating circumstance in the article. However, the record must affirmatively reflect that adequate consideration was given to these codal guidelines in particularizing the defendant's sentence. State v. Smith, 433 So.2d 688 (La.1983). The requirements of article 894.1 are fulfilled when the record affirmatively shows the trial court considered the statutory guidelines. State v. McDermitt, 406 So.2d 195 (La.1981); *524 State v. Rainwater, 448 So.2d 1387 (La. App. 3rd Cir.1984).
In this case, the trial judge thoroughly considered both the mitigating and aggravating factors in individualizing defendant's sentence. The trial judge considered defendant's youth, education, marital status, military status, employment record and job skills. The trial judge was aware that the defendant had a substance abuse problem and that this was perhaps the reason why the defendant committed certain criminal acts. The trial judge also considered the defendant's extensive criminal record and that, as with the crime in this case, defendant's past crimes also involved a risk of harm to the victims. The trial judge concluded, based on defendant's extensive record, that there was an undue risk that defendant would continue to commit crimes, and that a lesser sentence would deprecate the seriousness of the crime. The court's reasons for sentence were very complete, and more than adequately complied with article 894.1.
Defendant received a twenty-five year sentence for attempted first degree robbery. This crime carries a sentence of between one and one-half years to twenty years. Defendant was adjudicated to be an habitual offender. Under La.R.S. 15:529.1(A)(1), the maximum penalty defendant could have been sentenced to was forty years. Therefore, defendant's twenty-five year sentence is within the statutory permissible range. However, even a sentence within the statutory limits may still be unconstitutional in violation of La.Const.1974, art. 1 § 20. State v. Sepulvado, 367 So.2d 762 (La.1979).
The statutory guidelines of Article 894.1 furnish criteria by which the reviewing court can measure whether a sentence was excessive. State v. Cann, 471 So.2d 701 (La.1985). To constitute an excessive sentence the penalty imposed must be so grossly disproportionate to the crime in light of the harm caused to our society as to shock our sense of justice, or it must be the needless imposition of pain and suffering. State v. Nealy, 450 So.2d 634 (La. 1984); State v. Terracina, 430 So.2d 64 (La.1983). The trial judge is given wide discretion in the imposition of sentences and sentences within the statutory limit should not be set aside as excessive in the absence of manifest abuse of his discretion. State v. Nealy, supra.
In this instance, defendant had an extensive criminal history of several violent crimes. In 1979, defendant was convicted of theft, resisting arrest, misdemeanor theft, and aggravated assault (pleaded down from an armed robbery arrest). In 1980, defendant was convicted of resisting arrest, disturbing the peace, simple battery, carrying a concealed weapon and aggravated assault. In 1981, the defendant was convicted three separate times for crimes arising out of three separate incidents. Defendant was in prison from 1982 to 1985. While in prison, defendant was involved in many "disturbances" and was "written up" seventy-five times.
Because defendant had an extensive criminal record, including numerous violent crimes, his conduct threatened harm to his victims, and the sentence defendant received was in the middle of the statutorily permitted range, his sentence is not unconstitutionally excessive.
For the foregoing reasons, we find no merit in this appeal and, accordingly, defendant's conviction and sentence are affirmed.
AFFIRMED.
NOTES
[1] Although reviewing courts are obligated to follow the Jackson standard as mandated by the Louisiana Supreme Court, the author of this opinion has expressed opposition to this standard because it relegates the reviewing power of the appellate courts to nothing more than "second guessing" the triers of fact. See my concurring and dissenting opinions in State v. Gatson, 434 So.2d 1315 (La.App. 3rd Cir.1983); State v. Anderson, 440 So.2d 205 (La.App. 3rd Cir.1983); and State v. Bryan, 454 So.2d 1297 (La.App. 3rd Cir.1984), writ denied, 458 So.2d 128 (La.1984).
[2] The author of this opinion is compelled to again state his position as to appellate review of sentences for excessiveness. Our state constitution does not provide for nor does it mandate judicial review of sentences which fall within the limits set by the respective criminal statutes. See, State v. Goodman, 427 So.2d 529 (La.App. 3rd Cir.1983), concurring opinion at 532; State v. Vallare, 430 So.2d 1336 (La.App. 3rd Cir. 1983), concurring opinion at 1339, writ denied, 433 So.2d 729 (La.1983); State v. Shelby, 438 So.2d 1166 (La.App. 3rd Cir.1983), concurring opinion at 1169; State v. Rainwater, 457 So.2d 1280 (La.App. 3rd Cir.1984), concurring opinion at 1282.