536 So.2d 773 (1988)
STATE of Louisiana
v.
Kevin K. WILLIAMS.
No. 87-KA-614.
Court of Appeal of Louisiana, Fifth Circuit.
December 14, 1988.
John M. Mamoulides, Dist. Atty., Dorothy Pendergast, Asst. Dist. Atty., Gretna, for plaintiff-appellee.
George C. Ehmig, Covington, for defendant-appellant.
Before BOWES, DUFRESNE and GOTHARD, JJ.
DUFRESNE, Judge.
The defendant, Kevin Williams, was found guilty of armed robbery and sentenced to fifty years at hard labor without *774 benefit of parole, probation or suspension of sentence. The State filed a multiple offender bill which the court declined. From this conviction the defendant has appealed and assigned seven assignments of error.

FACTS
On the evening of October 6, 1985, Kevin Williams, the defendant, and another black male entered a 7-Eleven store in Kenner. The unnamed male pointed a gun at the cashier and demanded the money. When the register was opened the defendant grabbed the money. The two men then ran out of the store, entered their car and drove away. Two earlier customers entered the store suspecting that it had recently been robbed. They had seen the car pull into the lot in such a way as to arouse their suspicion. The cashier then called the police.
Upon their arrival the police took a description of the perpetrators from the cashier and the customers. The police stopped some suspects who fit the description approximately one mile from the store. They drove the cashier and the two customers to the suspects where they positively identified the defendant and the car. The defendant was then placed under arrest.
ASSIGNMENT OF ERROR NUMBER ONE
When the only issue in the case was that of identification of the culprit, were defendant's rights violated when he was allowed to remain outside of the courtroom during entire hearing on motion to suppress identification?
Defense counsel argues that the defendant was absent from the court during the entire motion to suppress identification. More specifically, defense counsel argues that the record is void as to whether the defendant was present as well as whether defendant personally waived his presence. In addition, defense counsel argues that defendant's presence was mandatory and could not be waived, if in fact, it had been waived. Counsel cites the Louisiana Code of Criminal Procedure articles 831 and 832 to support his position.
Art. 831. Presence of defendant when prosecution is for felony.
A defendant charged with a felony shall be present:
(1) At arraignment;
(2) When a plea of guilty, not guilty, or not guilty and not guilty by reason of insanity is made;
(3) At the calling, examination, challenging, impanelling, and swearing of the jury, and at any subsequent proceedings for the discharge of the jury or of a juror;
(4) At all times during the trial when the court is determining and ruling on the admissibility of evidence;
(5) In trials by jury, at all proceedings when the jury is present, and in trials without a jury, at all times when evidence is being adduced; and
(6) At the rendition of the verdict or judgment, unless he voluntarily absents himself.
Art. 832. Waiver by temporary voluntary absence.
A defendant charged with a felony not punishable by death cannot object to his temporary voluntary absence at the proceedings listed in Article 831 if his counsel was present. However, the defendant may always object to his absence at the arraignment or plea to the merits, provided the objection is made before the commencement of trial.
One additional article, not cited by defense counsel, is relevant to this issue.
Art. 834. When presence of defendant not necessary.
The defendant has a right to be present, but his presence is not essential to the validity of any of the following proceedings in a criminal prosecution:
(1) The making, hearing of, or ruling on a preliminary motion or application addressed to the court;
(2) The making, hearing of, or ruling on a motion or application addressed to the court during the trial when the jury is not present; except as provided in Clause (4) of Article 831; and
*775 (3) The making, hearing of, or ruling on a motion or application made after his conviction.
Defendant was charged with violation of R.S. 14:64 armed robbery, which is a felony. In this assignment of error at issue is defendant's presence at a preliminary motion to suppress identification.
In determining the merits of defendant's argument it is imperative to view all the aforementioned articles together.
First C.Cr.P. art. 834(1), (2) are applicable. This provision allows for the defendant's presence at these aspects of trial but does not deem them invalid if defendant is not present. Clearly under the first subsection the defendant's argument would lack merit. However, under subsection two there is an exception which relates back to C.Cr.P. art. 831(4) when the motion is made during trial. Under this exception defendant's presence is mandatory. Though mandatory, however, C.Cr.P. art. 832 provides a waiver of presence if defendant's absence was both voluntary and temporary.
The motion to suppress identification was presented and heard by the court prior to the beginning of trial.
By definition a suppression hearing is "A pretrial proceeding in criminal cases in which a defendant seeks to prevent the introduction of evidence alleged to have been seized illegally...". Black's Law Dictionary, Fifth Edition, 1979. Thus, the hearing would fit into C.Cr.P. art. 834(1) and the assignment of error would accordingly be without merit.
Defendant next argues his presence was necessary as it affected the outcome of the case. Defendant cites State v. Bindom, 460 So.2d 68 (La.App. 1st Cir.1984). In Bindom, the court noted the defendant was absent from the adversarial portion of trial. Additionally, defendant's counsel was called into duty on the second day of trial following assigned counsel's emergency departure. The court found that defendant's absence combined with counsel's lack of preparation denied defendant due process.
Unlike Bindom, defendant's counsel was prepared to argue the merits of the motion. Defendant's counsel clearly waived his client's presence during the hearing on the motion to suppress. His counsel was well prepared to argue the motion.
This assignment of error lacks merit.
ASSIGNMENT OF ERROR NUMBER TWO
Were defendant's constitutional rights of confrontation violated when, acting upon defendant's request, State agreed to subpoena the investigating officer but thereafter failed to produce him?
Here the defendant argues the record does not reveal the presence of the subpoenaed officer and thus defendant was denied his constitutional right to confront the witnesses against him.
Although the record is void of reference to the aforementioned officer, the record does reveal the defendant submitting the matter without attempting to call the officer to the stand.
As no complaint appears in the record, this assignment is without merit.
ASSIGNMENT OF ERROR NUMBER THREE
Was the identification of defendant, made by witnesses within one-half hour, about a mile from the scene of the crime, while the suspects were standing in custody of a number of uniformed police officers and with a spotlight focused upon them, so tainted that it should have been suppressed.
Defendant argues that the manner of his identification was so suggestive as to render the identification unreliable.
In Manson v. Brathwaite, 432 U.S. 98, 97 S.Ct. 2243, 53 L.Ed.2d 140 (1977), the United States Supreme Court concluded that reliability is the linchpin in determining the admissibility of identification testimony. A defendant attempting to suppress an identification must prove both that the identification itself was suggestive and that there was a likelihood of misidentification as a result of the identification *776 procedure. State v. Prudholm, 446 So.2d 729 (La.1984). It is the likelihood of misidentification which violates due process, not merely the suggestive identification process. Manson v. Brathwaite, supra. State v. O'Neal, 478 So.2d 1311 (La.App. 5th Cir.1985), State v. Watson, 477 So.2d 788 (La.App. 5th Cir.1985).
In the present case identification was not conducted through a line-up but rather a one-on-one confrontation. The Louisiana Supreme Court addressed the issue of one-on-one confrontations in State v. Robinson, 404 So.2d 907 (La.1981) citing State v. Dauzat, 364 So.2d 1000 (La.1978), the court wrote:
Where, as in the instant case, a one-on-one in-field identification is closely associated in time with the commission of the crime and where the suspect is returned to the location of the crime of immediate identification, such identifications have been found permissible. State v. Kelly, 362 So.2d 1071 (La.1978). One reason for declining to disapprove such procedures is that they promote fairness by assuring reliability and the prompt release of innocent suspects. State v. Dunbar, 356 So.2d 956 (La.1978). Applying the totality of the circumstances rule set forth in Neil v. Biggers, supra [409 U.S. 188, 93 S.Ct. 375, 34 L.Ed.2d 401 (1972)] (more recently asserted by the United States Supreme Court in Manson v. Brathwaite, 432 U.S. 98, 97 S.Ct. 2243, 53 L.Ed.2d 140 [1977]) we conclude that the record establishes the reliability of the in-field identifications.
At p. 909.
The identification was made within one-half hour of the offense and within one mile of the location of the offense.
The factors to be considered in determining the reliability of identification are:
1. The opportunity of the witness to view the criminal at the time of the crime.
2. The witness' degree of attention.
3. The accuracy of his prior description of the criminal.
4. The level of certainty demonstrated at confrontation.
5. The time between the crime and the confrontation.
Manson v. Brathwaite, supra, State v. Watson, supra.
The witnesses that identified the defendant were the cashier and two customers.
The customers were able to positively identify the car as the one they had seen pulling into the parking lot as they were leaving. One of the customers could positively identify the clothing that one of the perpetrators had worn.
The cashier was also able to positively identify the clothing worn. The cashier admitted not paying too much attention to the defendant as his accomplice had a gun pointed at her face in the store.
Thus, with regard to the reliability factors mentioned above, opportunity to observe, accuracy of description and level of certainty were all present in the confrontation shortly after the offense.
This assignment of error is without merit.
ASSIGNMENT OF ERROR NUMBER FOUR
Were the defendant's rights of presence violated when an in-chambers discussion was held between the court, the State and defense counsel relative to admissibility of certain key evidence, there having been no formal waiver of presence by defendant?
As in assignment of error number one, supra, defendant relies upon C.Cr.P. articles 831 and 832 failing once more to consider article 834.
During the defendant's presentation of evidence, upon request of defense counsel, the court conducted a conference in chambers out of the presence of the jury. Defendant was not present, although his counsel was present. The conference was called as defense wanted to request a continuance. The result, however, was a stipulation of evidence.
Although defendant correctly states that a ruling during trial concerning admissibility of evidence requires the presence of *777 defendant, the conference at issue did not contain a judicial ruling but rather a consensual stipulation. In accordance with C.Cr.P. art. 834(2), the presence of defendant is not essential to the validity of the proceeding.
In State v. Kahey, 436 So.2d 475 (La. 1983), the Louisiana Supreme Court discussed the requirement of defendant's presence at preliminary hearings. The court noted:
Presence of the defendant is a condition of due process to the extent that a fair and just hearing would be thwarted by his absence, and to that extent only. Therefore, the presence of the defendant is only essential at proceedings which have a reasonably substantial relation to the fullness of the opportunity of the defendant to defend against the charge. Snyder v. Commonwealth of Massachusetts, 291 U.S. 97, 54 S.Ct. 330, 78 L.Ed. 674 (1934). From this principle has emerged the general rule that no claim of error, or at least no claim of prejudicial error, can be based upon the exclusion or absence of a defendant, pending his trial on a criminal charge, from the courtroom, or from a conference between court and attorneys, during argument on or discussion of a question of law.
At p. 483.
As the conference was minimal, with defendant represented by counsel and concerned a stipulation of evidence, defendant was not prejudiced.
This assignment of error is without merit.
ASSIGNMENT OF ERROR NUMBER FIVE
Were defendant's rights violated when, after a polling of the jury was requested, some sort of written poll was ordered by the court, there being evidence that the poll did not comply with statutory requirements, and the record contains no statement as to the result of the said polling?
Defendant objects to the court's failure to technically comply with the polling procedures annunciated in C.Cr.P. art. 812. Defendant failed to make a contemporaneous objection at trial to allow the court opportunity to rectify the error. Defendant is now precluded from arguing this error by C.Cr.P. art. 841. This court wrote in State v. Parker, 506 So.2d 675, 682 (La.App. 5th Cir.1987):
Although the defendant now asserts that the technical requirements of Art. 812 may not have been followed, he failed to make a contemporaneous objection at trial to the procedure used to poll the jury. Thus, the trial court was not afforded an opportunity to comply with the technical requirements. Although defendant raised this issue in his motion for new trial, he failed to make a contemporaneous objection in accordance with La.C.Cr.P. art. 841, to the polling procedure used, and thus, the procedure cannot now be reviewed. State v. Sosa, 328 So.2d 889 (La.1976); State v. Gardette, 352 So.2d 212 (La.1977); State v. Lamb, 458 So.2d 996 (La.App. 3rd Cir.1984).
Defendant asserts no record of the results of the poll are included in the record. Although this is true, defendant's counsel at trial was able to review the polling.
As there is no allegation of prejudice, the technical error is harmless. As conducted, the polling did in fact record the verdict of the jurors.
This assignment of error is without merit.
ASSIGNMENT OF ERROR NUMBER SIX
Was the sentence of fifty years at hard labor without benefit of parole, probation or suspension of sentence too severe on a first offense of armed robbery?
Defendant was convicted of violation of R.S. 14:64, armed robbery. The potential sentence for R.S. 14:64 is: imprisonment at hard labor for not less than five years and for not more than ninety-nine years, without benefit of parole, probation or suspension of sentence.
Defendant was sentenced to fifty years at hard labor without benefit of parole, probation or suspension of sentence.
In sentencing defendant, the trial judge stated:
*778 THE COURT:
"Kevin Williams, you have been found guilty, by the jury, for the crime of armed robbery. It now becomes my duty to impose the sentence on you. In accordance with the law, I do so with Article 894.1. It says I should impose a sentence of imprisonment when there is an undue risk that during the period of a suspended sentence or probation that the defendant would commit another crime that there is an undue risk that you would commit another crime and that you have committed several crimes during the time you have been out from 1975 to the present date. It seems to be continuous. Your rap sheet does seem to be pretty long and it carries misdemeanor charges in addition to felony charges for what you have been sent to the penitentiary, one to the parish prison for a year and the other to the penitentiary for five years in which you were released after some behavior at the penitentiary. That was in '83 just a short time ago. The defendant is in need of correctional treatment custodial environment that can be provided most effectively by his committment (sic) to an institution. I think that is the circumstances here. You have to be committed to a place where this will not happen again or will not be able to happen again. I guess a lesser sentence will depreciate the seriousness of the defendant's crime. The seriousness of the crime of course been set forth by the legislature. The legislature is the one that made it as serious as it is by giving it a maximum sentence of 99 years on armed robbery. Well, I don't necessarily impose the 99 years I do intend to make it considerable so that because of the charges that have been against you before are thefts, even though they may have been misdemeanors, two of them were thefts. The District Attorney has a right to even double or triple bill on this. They have not as yet. So, on the basis of the sheet we have here, showing your criminal activities during the period of time of 1975 to the present date, I have no alternative under the circumstances other than to sentence you to a period of 50 years in the penitentiary without benefit of parole, pardon [sic] or commutation of sentence. I do sentence you at this time."
The judge clearly articulated his reasons for sentencing noting defendant's previous incarceration and substantial rap sheet. The judge echoed the criteria of C.Cr.P. art. 894.1(A), that is, the likelihood of defendant committing another offense, the need for incarceration for rehabilitation and incarceration, so as to demonstrate the seriousness of the offense.
A sentence of fifty years at hard labor without benefit of parole, probation or suspension of sentence for a defendant found guilty of armed robbery has been upheld many times and is definitely not excessive, especially here. Armed robbery is a serious offense which places the victim in a very dangerous situation and offenders must be dealt with sternly. In the present case the defendant has a previous record and the fifty year sentence is only one-half of the maximum allowed.
This assignment of error has no merit at all.
ASSIGNMENT OF ERROR NUMBER SEVEN
In this assignment we have been asked to review the record for errors patent.
An error appears in the minutes and commitment in regard to the multiple offender hearing. The transcript reflects the trial judge denying the multiple offender bill of information.
The minutes and the commitment reflect the trial judge vacating the sentence and reimposing the identical sentences as a multiple offender.
In State v. Lynch, 441 So.2d 732 (La. 1983), the Louisiana Supreme Court held where there is a discrepancy between the minute entry and the transcript, the transcript should prevail. The transcript was held to prevail over the commitment in State v. Falls, 508 So.2d 1021 (La.App. 5th Cir.1987).
Accordingly, the sentence of the court is vacated, since the defender was not found *779 to be a multiple offender, and the original sentence is reinstituted. The minutes and commitment are likewise ordered corrected.
No other errors are apparent.

DECREE
The defendant, Kevin Williams, is sentenced to fifty years at hard labor, without benefit of probation, parole or suspension of sentences, with credit for time served.
Accordingly, the conviction and sentence of the defendant is affirmed as amended.
AMENDED AND AFFIRMED AS AMENDED.