576 So.2d 1202 (1991)
STATE of Louisiana
v.
Carlos O. WALKER.
No. 90-KA-708.
Court of Appeal of Louisiana, Fifth Circuit.
March 13, 1991.
*1203 William Guste, Atty. Gen., Harry J. Morel, Jr., Dist. Atty., Gregory C. Champagne, Asst. Dist. Atty., for plaintiff/appellee.
Mark A. Marino, Destrehan, for defendant/appellant.
Before GAUDIN, WICKER and GOTHARD, JJ.
WICKER, Judge.
Carlos O. Walker appeals his conviction of attempted aggravated burglary, a violation of La.R.S. 14:27, 14:60. The issues are suppression of Walker's identification, the introduction of evidence of other crimes, and error patent. We affirm the conviction, vacate the sentence, and remand for resentencing.
A next door neighbor, Sharon Borgstede, observed Walker approach the back door of the Gautreaux residence and start tampering with the doorknob at 6:30 or 6:45 in the morning. He left and walked toward the street while Mrs. Borgstede tried to get a better look at him and her mother, Betty DiBenedetto, called the police. Walker came back again and began to again "fidget around with the door", having some kind of tool in his hand. Steve DiBenedetto went outside and approached Walker, asking him if he could help him. Walker's response was to throw something down and run towards the street. Mr. DiBenedetto followed him in his truck until he met two deputies. The deputies then followed in the direction Walker had taken until they found him. When they ordered Walker to stop, he ran away; but the deputies apprehended him at the edge of the subdivision.
In the meantime, Mrs. Gautreaux had gone into her yard and found a knife which didn't belong to her in her back yard. Also, another resident of the subdivision, Wanda Clark, called the police because Walker was on her porch ringing her doorbell.
Mrs. Borgstede and Mrs. DiBenedetto positively identified Walker as the intruder at the Gautreaux residence; Ms. Clark positively identified him as the person on her porch ringing her doorbell. (Walker was arrested for trespassing on Clark's property.)
Walker testified in his own behalf that he was walking through the subdivision on his way home, approximately one-half to one mile away. He was drunk and was looking for a friend when he rang Ms. Clark's doorbell. He never went to the Gautreaux residence. At one point he sat down by the ditch and vomited. He did not stop when the deputies told him to because it was foggy and he didn't know they were deputies.
The deputies testified on rebuttal that the weather was clear and not foggy and that Walker was neither sick, drunk, nor vomiting.
A jury convicted Walker of attempted burglary. He claims two errors: the trial judge erred in failing to suppress the one-on-one identification and he erred in allowing the introduction of evidence of other crimes.

THE IDENTIFICATION PROCEDURE
Fairness is the standard of review for identification procedures, and reliability is the linchpin in determining admissibility. Manson v. Brathwaite, 432 U.S. 98, 97 S.Ct. 2243, 53 L.Ed.2d 140 (1977). The Supreme Court set out the factors to be considered:
opportunity of the witness to view the criminal at the time of the crime, the witness' degree of attention, the accuracy of his prior description of the criminal, the level of certainty demonstrated at the confrontation, and the time between the crime and the confrontation. Against these factors is to be weighed the corrupting effect of the suggestive identification itself.
....
Short of [`a very substantial likelihood of irreparable misidentification'], such evidence is for the jury to weigh. We are content to rely upon the good sense and judgment of American juries, for evidence with some element of untrustworthiness is customary grist for the jury mill. Juries are not so susceptible that they cannot measure intelligently the *1204 weight of identification testimony that has some questionable feature.
At 114 and 115, 97 S.Ct. at 2253 and 2254 [Citations omitted]. To suppress the identification, Walker must prove the suggestive identification and a resulting likelihood of misidentification. State v. Prudholm, 446 So.2d 729 (La.1984).
Three or four hours after Walker's arrest, Mrs. DiBenedetto and Mrs. Borgstede viewed him one-on-one through a one-way mirror at the police station. When a suspect is the only one presented to witnesses for identification, this renders the identification procedure subject to further inquiry. However, if the identification is otherwise reliable the evidence is admissible. Manson, supra. The judge reviewed the facts of the identification procedure and the events leading up to it and concluded that the identification was reliable. We agree.
Both witnesses had a good, close look at Walker while he was trying to get in the back door of the Gautreaux house; they were paying careful attention because of their alertness to a crime going on next door; their prior description of Walker was accurate, except for a difference in shirt, which was explained by his having taken off a shirt he was wearing on top of another; the witnesses were positive in their identification of Walker; and there was only a gap of three or four hours between their first observation of Walker and their identification of him.
Walker has failed to prove, as he must under State v. Williams, 536 So.2d 773 (La.App. 5th Cir.1988), that "there was a likelihood of misidentification as a result of the identification procedure." At 775-76, citing Prudholm, supra. "It is the likelihood of misidentification which violates due process, not merely the suggestive identification process." Williams, supra, at 776. The judge did not err in admitting the identification evidence.

OTHER CRIMES EVIDENCE
La.C.E. art. 404(B)(1) permits the introduction of evidence of other crimes for "proof of motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake or accident,...." The state offered the testimony of Ms. Clark, that Walker was at her door in the same subdivision, looking for someone whose name she did not recognize, and refusing to leave, to prove Walker's identity and his opportunity to commit the attempted aggravated burglary a short distance away only a few minutes earlier. With the agreement of both the state and Walker, the judge instructed the jury that this evidence was for a limited purpose.
La.C.E. art. 404(B)(1) was adopted in January of 1989, and we have been unable to find any cases construing that new article vis-a-vis identity and opportunity. The Second Circuit has held that the article incorporates previous principles of law and that the older jurisprudence is still valid, citing the Comments to art. 404(B)(1). State v. Lewis, 566 So.2d 1120 (La.App. 1990).
Generally, evidence of other acts of misconduct is not admissible. The introduction of such evidence merely to prove that the defendant is a "bad man" involves constitutional problems because of the danger that a defendant may be tried for a charge of which he has no notice, for which he is unprepared, and which unfairly prejudices him in the eyes of the jury.... An exception to the general rule of inadmissibility may exist where the state seeks to introduce evidence of other crimes for some substantially relevant purpose other than to show that the defendant is guilty because he is a man of general criminal character.... Once a determination is made that the other crimes evidence is presented for one of these "substantially relevant" purposes, the court then has the obligation to balance the probative value of the evidence against its prejudicial effect before the evidence can be admitted....
State v. Kahey, 436 So.2d 475, 487-88 (La. 1983) [Citations omitted]. We believe that the evidence presented by Ms. Clark is relevant for the purpose of showing both identification and opportunity and that its probative value outweighs its prejudicial effect.
*1205 In State v. Nelson, 518 So.2d 518 (La. App. 3rd Cir.1987), Nelson was prosecuted for attempting to rob the Skipper Motel and threatening to shoot its owner/manager. The testimony of an employee of Charter Food Store, down the block from the Skipper Motel, was that a man of Nelson's description entered her store shortly after and threatened to shoot her if she did not give him money. Nelson argued on appeal that this evidence of another crime was immaterial and prejudicial. The court held that the evidence was admissible to prove identity and system. The same reasoning which applies to identity and system should apply to identity and opportunity, and the judge did not err in admitting Ms. Clark's testimony into evidence.

ERROR PATENT
We have discovered an error patent in the sentencing. La.C.Cr.P. art. 920; State v. Oliveaux, 312 So.2d 337 (La.1975). Walker was sentenced to three years without benefit of parole, probation, or suspension of sentence. The judge did not have the authority under La.R.S. 14:60 and 14:27 to impose a sentence without benefit of parole, probation, or suspension of sentence. We vacate the sentence and remand the case for resentencing.
CONVICTION AFFIRMED, SENTENCE VACATED, AND REMANDED.