WARREN E. HOOD, Judge Pro Tem.
The defendant, Aaron W. Johnson, was charged by two separate grand jury indictments, one with the first degree murder of Calvin Hardy, a violation of La.R.S. 14:30, and the other with the attempted first degree murder of Lisa Saxon, violations of La.R.S. 14:27 and La.R.S. 14:30. The first indictment was amended to charge second degree murder, a violation of La.R.S. 14:30.1. The state elected not to proceed with the second indictment because Lisa Saxon died in an unrelated house fire. Following a jury trial, the defendant was found guilty of second degree murder. After a presentence investigation report, the defendant was sentenced to life imprisonment without benefit of parole or probation, to run concurrently with a seven year sentence he was already serving. The defendant appeals his conviction assigning two errors.
FACTS
The record indicates that the defendant and Mrs. Saxon had lived together for about six or seven years. However, prior to this incident the defendant had moved out of Mrs. Saxon’s house. On July 23, 1989, Calvin Hardy and Lisa Saxon were at the home of Yolanda Jones visiting with friends. At about 12:30 or 1:00 a.m., Calvin Hardy, Lisa Saxon and Lisa’s daughter, Nia Terrell, walked to Lisa’s house. The defendant came from around the side of the house with a shotgun. The defendant *1228 ordered Lisa and the victim into the house and then fired one shot which hit Hardy in the arm. The wound proved to be fatal. After the gunshot, Lisa was able to close the front door. After the defendant unsuccessfully tried to get into the house, he disposed of the murder weapon and ran down the street. Not far from the scene, he encountered Joshua Frank, a neighbor who is an attorney. Mr. Frank advised the defendant to turn himself in to the police. The defendant claims that he was on his way to turn himself in when he was apprehended by the police.
ASSIGNMENT OF ERROR NO. 1
In this assignment of error the defendant alleges that the verdict is contrary to the law and evidence. He argues that considering the evidence presented in the light most favorable to the prosecution, no finder of fact could have found beyond a reasonable doubt that he is guilty of second degree murder.
When the issue of sufficiency of the evidence is raised on appeal, the standard of review is that set forth in Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979), rehearing denied, 444 U.S. 890, 100 S.Ct. 195, 62 L.Ed.2d 126 (1979); State ex rel. Graffagnino v. King, 436 So.2d 559, 563 (La.1983); State v. Duncan, 420 So.2d 1105 (La.1982). It is the role of the fact finder to weigh the respective credibilities of the witnesses, and therefore the appellate court should not second-guess the credibility determinations of the trier of fact beyond the sufficiency evaluations under the Jackson standard of review. State ex rel. Graffagnino, supra, citing State v. Richardson, 425 So.2d 1228 (La.1983).
Under the Jackson standard the reviewing court must determine that the evidence considered in the light most favorable to the prosecution is sufficient to convince any rational trier of fact that the defendant is guilty beyond a reasonable doubt of committing the specific offense.
In order for the state to obtain a second degree murder conviction, it must prove the essential elements of the crime beyond a reasonable doubt. La.R.S. 14:30.1 provides in pertinent part
A. Second degree murder is the killing of a human being:
(1) When the offender has the specific intent to kill or to inflict great bodily harm;
According to the statute, the state was required to prove that the defendant killed a human being and that the defendant had the specific intent to kill or inflict great bodily harm. The record clearly indicates that the defendant fired a 12 gauge shotgun which fatally wounded Calvin Hardy.
James Basile, who was still at the home of Yolanda Jones, two houses down from Ms. Saxon’s home, testified that he was on Ms. Jones’ porch at the time of the shooting. He saw the defendant standing on Ms. Saxon’s porch with a shotgun. He saw Ms. Saxon and Calvin go into the house and he saw the defendant, who was standing on the porch, fire a shot. Nia Terrell testified that she was on the left side of the porch when the defendant came from the right side of the porch with a gun. The defendant told her mother and Calvin to get in the house. As Nia was looking into her bedroom window she saw the defendant shoot Calvin.
As to the intent, it is clear that a trier of fact could infer specific intent to kill or inflict great bodily harm from the defendant’s actions. According to the testimony of Janet Ned, a communications officer with the Eunice Police Department, while the defendant was in the booking room, he stated, “I would have shot the bitch too, but the gun just clicked.” Additionally, Officer Bruce Vige of the Eunice Police Department testified that after reading the defendant his rights, the defendant asked whether Calvin was dead. The defendant then stated “He better be dead” and “if the gun would have worked, she would be dead too.”
Specific intent is an ultimate legal issue to be resolved by the fact finder. State v. Graham, 420 So.2d 1126 (La.1982). Viewing the evidence in the light most favorable to the prosecution, it is evident that *1229 a jury could reasonably have concluded that the defendant who discharged a shotgun at the victim acted with the requisite intent. State v. Lamb, 458 So.2d 996 (La. App. 3 Cir.1984).
During the trial the defendant claimed that he acted in self-defense. His version of the incident is that he went to Lisa Saxon’s, his former girlfriend’s home and let himself in with a key she left in the mailbox. In her home, he found a shotgun which he decided to place in an unattached out building. The defendant testified that he was surprised that the gun was in the house because children were often around. Before he had a chance to place the gun in the out building he heard Lisa returning home. With the shotgun in his hand he returned to the house where he found Lisa with Calvin Hardy. When he entered the home with the gun in his hand, Lisa grabbed the shotgun and Calvin Hardy pulled a knife from his pocket. In the struggle a single shot was fired which fatally wounded Calvin Hardy.
The defendant’s account of the incident differs from the testimony of other witnesses. Nia identified the murder weapon as a gun which her mother kept in her bedroom, either in the closet or under the bed. The defendant, who claimed to have lived with Ms. Saxon, should have been aware of this. Nia also stated that the knife found near the victim was a knife which belonged to her mother, not the victim.
Additionally, Nia, who was an eyewitness to the incident, testified that the defendant came from the side of the house with the shotgun and ordered her mother and Calvin Hardy into the house. Once they were in the house the defendant fired a single shot which killed Mr. Hardy. Officers Ned and Vige testified that the defendant stated that he “would have shot the bitch too” if the gun had worked properly.
The evidence and testimony presented at trial does not support the defendant’s claim that his actions were justified as self-defense. The state met its burden of proof; that, viewing the evidence in the light most favorable to the prosecution, a rational trier of fact could have found beyond a reasonable doubt that the defendant did not act in self-defense. For the foregoing reasons, this assignment of error lacks merit.
ASSIGNMENT OF ERROR NO. 2
In this assignment of error the defendant claims that the trial court erred in its failure to declare a mandatory mistrial pursuant to La.C.Cr.P. art 770(2). During his opening statement, the assistant district attorney said, “You will hear how he attempted to kill Lisa Saxon as well.” Defense counsel moved for a mistrial arguing that the defendant was entitled to a mandatory mistrial as provided by La.C.Cr.P. art. 770. The defendant also argues that during the testimony of Officer Vige, the assistant district attorney referred directly to inadmissible evidence of another crime committed, therefore, a mistrial should have been granted.
La.C.Cr.P. art. 770 provides:
Upon motion of a defendant, a mistrial shall be ordered when a remark or comment, made within the hearing of the jury by the judge, district attorney, or a court official, during the trial or in argument, refers directly or indirectly to:
sjc >⅛ ⅜ ⅜ * *
(2) Another crime committed or alleged to have been committed by the defendant as to which evidence is not admissible;
* * * * * *
An admonition to the jury to disregard the remark or comment shall not be sufficient to prevent a mistrial. If the defendant, however, requests that only an admonition be given, the court shall admonish the jury to disregard the remark or comment but shall not declare a mistrial.
La.C.E. art 404 provides in pertinent part:
B. Other crimes, wrongs, or acts. (1) Except as provided in Article 412, evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show that he acted in conformity therewith. It may, how *1230 ever, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake or accident, or when it relates to conduct that constitutes an integral part of the act of transaction that is the subject of the present proceeding.
The defense argues that since the state elected not to prosecute the charge of attempted murder of Lisa, evidence of this crime is inadmissible.
During her testimony, Nia stated that as the defendant ordered her mother and Calvin Hardy into the house, her mother pled with the defendant “not to shoot her and Calvin.” She stated, “he was going to shoot us because he thought something was going on between my mama and Calvin.”
The defendant claimed that his actions were justified as self-defense. The defendant’s statements concerning his intent to kill the victim and Lisa Saxon are relevant to controvert the defendant’s claim of self-defense. The statements are necessary to show that defendant’s actions were not justified.
The statements were also admissible to show the defendant’s intent which is an element of second degree murder.
The comments made by the assistant district attorney concerned events that were an integral part of the act that was the subject matter of the proceeding. They were relevant for purposes other than to show that the accused is a bad person. The statements were relevant to show intent and to negate the justification of self-defense.
CONCLUSION
The state met its burden of proof; that is, viewing the evidence in the light most favorable to the prosecution, a rational trier of fact could have found beyond a reasonable doubt that the defendant killed Calvin Hardy, that he did so with the specific intent to kill him or to inflict great bodily harm, and that he did not act in self-defense. Further there was no error in the trial court’s ruling on the defendant’s motion for mistrial. For the above state reasons, the defendant’s conviction and sentence are affirmed.
AFFIRMED.