DOUCET, Judge.
Defendant was convicted of first-degree robbery in violation of La.R.S. 14:64.1 and sentenced to 6½ years at hard labor. Defendant appeals his conviction.
On March 29, 1991, the defendant entered a Circle K Convenience Store located on Highway 1 North in Rapides Parish. After peering into the beer coolers, the defendant asked Mr. Watkins, the store clerk, if the price on the beer was correct. Mr. Watkins informed him that the stated price was correct. Defendant replied the price was too high and left the store. Shortly thereafter, he returned to the store with a companion and asked Mr. Watkins for a quarter in exchange for two dimes and a nickel. After receiving the quarter, the defendant again left the store, but returned to buy some candy. When defendant again entered the store, Mr. Watkins became suspicious and began placing the money into an envelope in order to put it in the safe. Unknown to Mr. Watkins, the defendant walked around the counter behind the cash register and told Mr. Watkins that Mr. Watkins knew what he wanted. The defendant then hit Mr. Watkins in the left eye, causing both of them to fall to the floor. They continued to struggle. Defendant began reaching in his pocket while telling Mr. Watkins that he had better stop struggling or he was going to get cut. Mr. Watkins immediately stopped resisting. The defendant went to the register and attempted to open it. After failing to get it open, the defendant dragged Mr. Watkins to the register and ordered him to open it. Mr. Watkins opened the register and the defendant took a sum of money and left the store.
As the defendant was running out of the store, Mr. Tom Knight, the night clerk, was pulling up to the store. Mr. Knight testified that he saw an individual run out of the store. Mr. Knight was unable to see the defendant’s face or the license plate number of the fleeing vehicle. Mr. Knight went into the store and Mr. Watkins informed Mr. Knight that he had just been robbed. Mr. Knight then attempted to catch the defendant’s vehicle by chasing it in his own car. Mr. Knight was able to get a description of the fleeing vehicle, although he never got close enough to see the license number. Mr. Knight returned *882 to the store and described to the police the individual he saw running out of the store as a black male wearing a blue jacket, tan pants, and white running shoes. However, Mr. Knight could not identify the face of the robber.
An officer on the scene dispatched a description of the vehicle and the robber to all police units in the area. One of these units observed the defendant leave a vehicle fitting the description of the one used in the robbery and enter an apartment. The defendant also fit the description of the robber as dispatched by the officer at the scene. At this time, the defendant was wearing a blue jacket, tan pants, and white running shoes. While leaving the apartment, the defendant was questioned and voluntarily brought back to the Circle K for possible identification by Mr. Watkins. The defendant was brought to a well lit area of the Circle K parking lot where Mr. Watkins identified him while looking through a window across the lot. This first identification was from a long distance. Mr. Watkins then went outside of the store to within a few feet of the defendant for a second identification. Although the record is not clear whether or not Mr. Watkins positively identified the defendant on the first observance, it is undisputed that he made a positive identification when he viewed the defendant from a few feet. After this second identification, the defendant was arrested and charged with first-degree robbery.
ADMISSIBILITY OF THE EVIDENCE
Defendant alleges the trial court erred in allowing the admission of evidence of “other crimes.”
The State was allowed to present testimony by Mr. Tom Knight regarding an incident which occurred three weeks prior to the charged offense. Mr. Knight testified that, on this earlier occasion, he was in the back of the store bagging ice when he heard a customer come in and announce, “This is a robbery.” He came from the back of the store and informed the customer that he had better have a gun or knife. The customer pointed his ■ finger at Mr. Knight and stated, “Bang, you’re dead.” Mr. Knight replied, “Bang, you’re sterile.” The customer then went to the beer cooler and asked if the marked price on the beer was correct. After hearing the price was in fact correct, the customer responded by saying that the price was too high and left the store. The customer was identified by Mr. Knight as the defendant.
The defendant contends that the introduction of this testimony before the jury was highly prejudicial, served no probative purpose, and does not fall within any of the exceptions provided by C.E. Art. 404(B). The State argues that this was evidence of other crimes, wrongs, or acts admissible under C.E. Art. 404(B), to show intent, preparation, plan, or identity.
The issue on appeal is whether Mr. Knight’s testimony of this other alleged attempted robbery is admissible to show intent, preparation, plan, or identity.
C.E. Art. 404(B)(1) provides:
Except as provided in Article 412, evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show that he acted in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake or accident, or when it relates to conduct that constitutes an integral part of the act or transaction that is the subject of the present proceeding.
This court has addressed this specific issue in State v. Nelson, 518 So.2d 518 (La.App. 3 Cir.1987). The defendant, Nelson, was convicted of attempted first-degree robbery of a motel. Late one evening, the defendant entered a motel and threatened to shoot the desk clerk if the desk clerk did not give him the money. The clerk testified that the defendant was wearing a shirt and shorts, and was holding something under his shirt which he indicated to be a gun. Shortly after aborting this robbery, the defendant entered a nearby food store and again threatened to shoot the cashier with what appeared to be a gun concealed under his shirt. At the *883 trial for the motel robbery, the State introduced evidence of the food store robbery under former R.S. 15:446 which stated:
When knowledge or intent forms an essential part of the inquiry, testimony may be offered of such acts, conduct or declarations of the accused as tend to establish such knowledge or intent and where the offense is one of a system, evidence is admissible to prove the continuity of the offense, and the commission of similar offenses for the purpose of showing guilty knowledge and intent, but not to prove the offense charged.
To determine the admissibility of this evidence under former R.S. 15:446, this court in Nelson, supra, stated:
“... when the pattern of two offenses is so identical, the system exception applies if identity of the defendant as the perpetrator is a crucial issue. State v. Banks, 307 So.2d 594 (La.1975). Identity of George Ester was conceded to be the only real issue ... Where identity is genuinely at issue, system evidence has relevance independent of the defendant’s criminal propensity and should be admitted with the other test of admissibility. State v. Hatcher, 372 So.2d 1024 (La.1979).”
Therefore, under State v. Ester [436 So.2d 543 (La.1983) ] supra, other crimes evidence is admissible to prove identity under La.R.S. 15:446 if identity is an issue, and if the probative value of the other crime outweighs its prejudicial effect.
Nelson, supra, 518 So.2d at 521 (quoting State v. Ester, 436 So.2d 543 (La.1983)).
The record is replete with the defendant’s attempt to refute his identification as the perpetrator of the instant offense. In essence, the defendant’s sole defense is one of mistaken identity. Because his identity is a critical issue, evidence of a system is relevant and admissible if its probative value outweighs its prejudicial effect. See also, State v. Walker, 576 So.2d 1202, 1205 (La.App. 5 Cir.1991), citing Nelson, supra. The system involved herein included evidence that the defendant was the same perpetrator in both offenses, both offenses took place in the same store and the defendant made the same statement regarding the price of beer.
In weighing the probative value against the prejudicial effect, Nelson simply stated:
The other crimes evidence here was relevant to the critical issue of the identity of the perpetrator of the crime. The probative value of this evidence outweighed its prejudicial effect.
Id. 518 So.2d at 521.
Although Nelson interpreted prior law, the comments to C.E. Art. 404(B) incorporates previous principles of law thereby validating prior jurisprudence. See also: Walker, supra, 576 So.2d at 1204.
We find that the evidence of the alleged attempted robbery was relevant to show defendant’s identity and that the probative value of such outweighed any prejudice suffered by defendant.
As a result, we find that the trial court did not err in admitting Mr. Knight’s testimony.
ERRORS PATENT
After reviewing the record, we find that there is an error patent. C.Cr.P. art. 920. C.Cr.P. art. 930.8 provides that at the time of sentencing the trial court shall inform the defendant of the prescriptive period for post-conviction relief. The record shows the court did not so inform the defendant. This defect has no bearing on whether the sentence is excessive and thus is not grounds to reverse the sentence or remand the case for resentencing. C.Cr.P. art. 921. The three year prescriptive period does not begin to run until the judgment is final under C.Cr.P. art. 914 or 922, therefore, prescription is not yet running. The purpose' of the notice of Article 930.8(C) is to inform defendant of the prescriptive period in advance, thus the district court is directed to inform the defendant of the provisions of Article 930.8 by sending appropriate written notice to the defendant within ten days of the rendition of this opinion. The district court is further directed to file written proof that the defen *884 dant received the notice in the record of the proceedings. See: State v. Cox, 604 So.2d 189 (La.App. 2 Cir.1992); State v. Stephens, 604 So.2d 203 (La.App. 2 Cir.1992).
AFFIRMED WITH INSTRUCTIONS.